*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00588-CR

Rodolfo **RUIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-4280
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed: August 5, 2009

AFFIRMED

Rodolfo Ruiz was convicted by a jury of three counts of indecency with a child, two counts of sexual performance of a child, and two counts of aggravated sexual assault of a child. Ruiz asserts twenty-eight points of error in his brief raising challenges regarding: (1) the jury charge; (2) the sufficiency of the evidence; (3) the admissibility of evidence; and (4) cumulative error. We overrule Ruiz's points of error and affirm the trial court's judgment.

## Jury Charge

In his twenty-third point of error, Ruiz contends the jury charge violated his due process right to a fair trial "by preventing the jury from understanding what precise charges they were weighing which resulted in an impossible task to clarify the verdicts with the jury charge requiring a full acquittal on all charges in the indictment." The crux of Ruiz's complaint is that where the jury charge refers to the indictment counts, the jury charge misidentifies the count to which the particular offense relates, with the exception of the first three counts. For example, the offense of indecency with a child by sexual contact involving Ruiz's touching of the complainant's genitals on or about October 31, 2005 is charged in Count V of the indictment; however, the paragraph of the jury charge relating to this offense refers to Count IV of the indictment. Thus, the jury's verdict finding Ruiz guilty of Count IV of the indictment actually relates to the offense charged in Count V of the indictment.[1]

---

[1] Count V of the indictment stated:

on or about the 31st day of October, 2005, RODOLFO RUIZ, hereinafter referred to as defendant, did intentionally and knowingly engage in sexual contact with [A.F.], A FEMALE CHILD YOUNGER THAN SEVENTEEN (17) YEARS AND NOT THE SPOUSE OF THE DEFENDANT, by touching PART OF THE GENITALS of [A.F.], with the intent to arouse or gratify the sexual desire of any person;

Paragraph XVII of the jury charge provided:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of October, 2005, in Bexar County, Texas, the defendant, Rodolfo Ruiz, did intentionally and knowingly engage in sexual contact with [A.F.], a female child younger than seventeen (17) years and not the spouse of Rodolfo Ruiz, by touching part of the genitals of [A.F.], with the intent to gratify the sexual desire of any person, then you will find the defendant guilty of indecency with a child by sexual contact as charged in Count IV of the indictment.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty in Count IV of the indictment.

The jury's verdict form stated:

We, the Jury, find the defendant, Rodolfo Ruiz, guilty of indecency with a child as charged in Count IV of the indictment.

The State responds that the misnumbering of the indictment counts in the jury charge likely resulted from a directed verdict being granted on Counts IV, IX, and XIII. The State speculates that the trial court, in essence, renumbered the indictment counts after omitting Counts IV, IX, and XIII.

The only case cited in Ruiz's brief with regard to this point of error is *In re Hernandez*, No. 04-03-00151-CV, 2003 WL 1733673 (Tex. App.—San Antonio Apr. 2, 2003, orig. proceeding). In that opinion, the court was discussing the law applicable in a civil case when one jury answer directly conflicts with another jury answer so that the jury's answers contain an irreconcilable conflict. *See id*. at *1. In the instant case, the jury's answers did not conflict with each other. Instead, the jury charge's references to the indictment counts conflict with the numbering of the counts in the indictment.[2] Because the jury's answers in this case did not contain an irreconcilable conflict, *Hernandez* is readily distinguishable.

Ruiz argues that the jury "must have been extremely confused." There is no indication in the record, however, that the jury had access to the indictment and attempted to match the counts referenced in the jury charge with the counts in the indictment. In the absence of evidence to the contrary, we must assume the jury focused on the elements of the offenses that were properly contained in the charge.

In his appellant's brief, Ruiz does not cite *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g), or make any effort to argue the charge contained reversible error under the *Almanza* standard. The State cites opinions from two of our sister courts, however, that have concluded that a similar misnumbering of the indictment counts in a jury charge did not surprise,

---

[2] We note, however, that the indictment authorized each of the offenses for which Ruiz was convicted. *See Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007) (noting due process problem arises when more convictions are permitted than are authorized by indictment).

prejudice, or harm the appellant. *See Saldaña v. State*, - - - S.W. 3d - - -, No. 13-06-180-CR, 2008 WL 451836, at *17-18 (Tex. App.—Corpus Christi Feb. 21, 2008, pet. ref'd); *Robinson v. State*, 658 S.W.2d 779, 783-84 (Tex. App.—Beaumont 1983, no pet.). A court of appeals is not permitted to reframe an appellant's complaint and reverse the trial court on a theory not raised at trial or on appeal. *State v. Bailey*, 201 S.W.3d 739, 743-44 (Tex. Crim. App. 2006). Accordingly, we do not address whether the jury charge contained error that would give rise to the level of harm necessary for a reversal.

Ruiz's twenty-third point of error is overruled.

## SUFFICIENCY

In points of error one through three, Ruiz challenges the legal sufficiency of the evidence to support his convictions for aggravated sexual assault. In order for evidence to be legally sufficient, it must "convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). We review the legal sufficiency of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). As the exclusive judge of the credibility of witnesses, the jury may choose to believe all, some, or none of the testimony or evidence presented. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

In his first point of error, Ruiz challenges the legal sufficiency of the evidence to support his conviction of aggravated sexual assault under Count I of the indictment. Count I of the indictment charged Ruiz with intentionally and knowingly causing his male sexual organ to penetrate the female sexual organ of A.F., the complainant, on or about the 31st day of October, 2005. The State was

required to prove that Ruiz intentionally and knowingly caused the penetration of the sexual organ of a child by any means and that the victim was younger than fourteen years of age. TEX. PEN. CODE ANN. § 22.021(a)(1)(B)(i),(a)(2)(B) (Vernon Supp. 2008).

At trial, A.F. testified that Ruiz sexually assaulted her in the weeks following her thirteenth birthday at the apartment where A.F. lived. After A.F. described the first time Ruiz had sexual intercourse with her, she testified that Ruiz had sexual intercourse with her certainly five times, and possibly more than ten times, at the apartment. These incidents occurred while A.F.'s sister was either gone from the apartment or in the shower. Ruiz was A.F.'s sister's boyfriend, and both Ruiz and A.F. lived with A.F.'s sister at the time.

Annette Santos, the sexual assault nurse examiner who examined A.F., testified at trial that A.F. told Santos that Ruiz raped her. Santos provided details from her interview of A.F. that closely matched A.F.'s testimony at trial.

During cross-examination, Ruiz attempted to show inconsistencies between Santos' interview report and A.F.'s trial testimony with regard to whether Ruiz or his brother first had sexual intercourse with A.F. Ruiz's interpretation of the report, however, was disputed by A.F. and Santos at trial. Moreover, although Ruiz attempted to discredit A.F.'s testimony during cross-examination and by presenting additional evidence, the jurors, as the exclusive judge of the credibility of witnesses, chose to believe A.F. *See Jones*, 944 S.W.2d at 647.

In his brief, Ruiz asserts that no forensic evidence supported A.F.'s testimony. The State, however, is not required to produce forensic evidence to secure a conviction for aggravated sexual assault, and the child victim's uncorroborated testimony may suffice. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) & (b) (Vernon 2005).

Ruiz also makes reference in his brief to the date of the offense. The State, however, is not required to prove a specific date for the offense since "it is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). A.F. testified that the abuse began shortly after her thirteenth birthday. Because this date is anterior to the presentment of the indictment and within the statutory limitation period, the evidence is legally sufficient to prove the date element of the offense. The evidence is legally sufficient to support the jury's finding that Ruiz was guilty of the offense charged in Count I of the indictment.

In his second point of error, Ruiz challenges the legal sufficiency of the evidence to support his conviction of aggravated sexual assault under Count II of the indictment. Count II of the indictment charged Ruiz with intentionally and knowingly causing his male sexual organ to contact the female sexual organ of A.F. on or about October 31st, 2005. In his brief, Ruiz complains that Count II is a "mirror image" of Count I. Count I of the indictment, however, alleges "penetration," whereas Count II of the indictment alleges "contact." From a sufficiency standpoint, "penetration of the genitals necessarily includes contact." *Vick v. State*, 991 S.W.2d 830, 834 n.2. (Tex. Crim. App. 1999). Accordingly, the evidence is legally sufficient to support Ruiz's conviction of the offense charged in Count II of the indictment.[3]

In his third point of error, Ruiz challenges the legal sufficiency of the evidence to support his conviction of aggravated sexual assault under Count III of the indictment. Count III of the

---

[3] We note that Ruiz did not raise a double jeopardy challenge to his conviction under Count II. *See Vick*, 991 S.W.2d at 834 n.2.

indictment charged Ruiz with intentionally and knowingly causing his male sexual organ to contact and penetrate the mouth of A.F. on or about October 31st, 2005.

Ruiz asserts A.F. "was extremely vague as [to] when this activity took place and only indicated it was AFTER her birthday." Ruiz notes that the jury acquitted him of Count VIII of the indictment which charged him with the same offense that was alleged to have occurred on or about the 28th day of February, 2006. As previously stated, however, "the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge*, 953 S.W.2d at 256. In this case, A.F. testified that Ruiz put his penis in her mouth multiple times after her thirteenth birthday. This testimony is legally sufficient to support Ruiz's conviction of the offense charged in Count III of the indictment. As a reviewing court, we will not speculate regarding the reason the jury acquitted Ruiz of Count VIII.

In points of error 4 through 22, 26, and 27, Ruiz raises legal and factual sufficiency challenges based on the jury charge's misidentification of the indictment counts. The legal and factual sufficiency of the evidence, however, is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *See Wooley v. State*, 273 S.W.3d 260, 268 (Tex. Crim. App. 2008); *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). A hypothetically correct jury charge would not have misnumbered the indictment counts.

Based on the foregoing, all of Ruiz's points of error challenging the sufficiency of the evidence are overruled.

**REPORT OF SEXUAL ASSAULT NURSE EXAMINER**

In his twenty-fourth point of error, Ruiz contends the trial court erred in admitting into evidence the report prepared by the sexual assault nurse examiner. Ruiz did not, however, object to the admission of the evidence. Instead, when the State tendered the report into evidence, defense counsel stated, "No objection." By failing to present this complaint to the trial court and obtain a ruling thereon, Ruiz failed to preserve this issue for our review. TEX. R. APP. P. 33.1(a).

**PHOTOGRAPH OF COMPLAINANT**

In his twenty-fifth point of error, Ruiz argues the trial court abused its discretion by admitting a photograph of A.F., taken when she was twelve years old. The photograph was introduced during the guilt/innocence phase of the trial. Ruiz asserts the defense stipulated to A.F.'s age at the time of the alleged crimes, and therefore the photo was gratuitous. He also argues the photograph portrays A.F. in a false light, as it shows her at only twelve years old, rather than thirteen. Moreover, Ruiz argues the photograph of A.F. as a younger child was introduced only to inflame the jury's emotions, resulting in an unfair trial. We disagree.

When determining whether the trial court erred in admitting relevant photographs into evidence, our review is limited to determining whether the probative value of the photos is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403; *Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). The admissibility of a photograph is within the sound discretion of the trial judge. *Young*, 283 S.W.3d at 875 (citing *Paredes v. State*, 129 S.W.3d 530, 539 (Tex. Crim. App. 2004); *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997)). The trial court's decision is reviewed under an abuse of discretion standard, and may be disturbed

on appeal only when it falls outside the zone of reasonable disagreement. *Young*, 283 S.W.3d at 874. A photograph is generally admissible if verbal testimony about the matters depicted in the photograph is also admissible. *Id*. at 875.

In this case, the trial court did not abuse its discretion by admitting the photograph of A.F. A.F. was fifteen at the time of trial. The photograph was introduced to give the jury a more accurate impression of A.F. at the time the abuse began. While the defense did stipulate to A.F.'s age at the time of the offenses, and A.F.'s testimony established she was twelve rather than thirteen in the photograph, the danger of unfair prejudice due to the age difference is slight. Likewise, the snapshot of A.F. as a younger child was not so inflammatory that the danger of prejudice outweighed its probative value. Consequently, Ruiz's twenty-fifth point of error is overruled.

## CUMULATIVE ERROR

In his twenty-eighth point of error, Ruiz asserts that the cumulative impact of all of the errors alleged in his brief was so great that reversal is required. Because we have overruled all of Ruiz's other points of error, there is no cumulative error requiring reversal. Accordingly, Ruiz's twenty-eighth point of error is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH