Nigel EDWARDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–163–CR.

Court of Appeals of Texas,
Waco.

May 31, 2000.

Rehearing Overruled July 19, 2000.

**626**

Stan Schwieger, Law Office of Stan Schwieger, Waco, for appellant.

John W. Segrest, Criminal Dist. Atty., James Wiley, Asst. Criminal Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

A jury convicted Nigel Edwards of murder and assessed his punishment at ninety-nine years' confinement in the Texas Department of Criminal Justice—Institutional Division and a fine of $10,000. The trial court entered a deadly weapon finding in the judgment. Because the trier of fact—the jury—did not make this finding, we hold that the court erred when it did so. Therefore, we affirm the trial court's judgment on guilt and reform the sentence, deleting the deadly weapon finding.

## BACKGROUND

Edwards was indicted for capital murder for an offense committed on August 15, 1997, in McLennan County, Texas. He pled "not guilty" to the charge. At trial, a jury returned a verdict of guilty of the lesser-included offense of murder, a charge not specifically alleged in the indictment. TEX. PEN. CODE ANN. § 19.02 (Vernon 1994). Edwards elected to have the jury decide his punishment. The trial court's judgment recited that a deadly weapon was used in the commission of the offense.

## DISCUSSION

■ Edwards asserts that the court erred in entering a deadly weapon finding because the jury did not find that he used or exhibited a deadly weapon.[1]

---

1. There is nothing in the record that shows Edwards objected to the trial court's finding. TEX. R. APP. P. 33.1(a). However, we know from the Court of Criminal Appeals recent decision in *Robinson v. State* that Rule 33.1(a) is not absolute. *Robinson v. State*, 16 S.W.3d 808, 812–13 (Tex.Crim.App. 2000). The authority of an appellate court to address the merits of this type of complaint is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992); *Asberry v. State*, 813 S.W.2d 526, 529–31 (Tex.App.—Dallas 1991, pet. ref'd). *French* was a murder case where the jury made an affirmative finding of use of a deadly weapon but that finding was not reflected in the judgment. *French*, 830 S.W.2d at 609. The State did not object in the trial court but subsequently filed a motion in the court of appeals to have the judgment reformed. *Id.* The court of appeals granted the State's motion and the Court of Criminal Appeals affirmed that decision. *Id.* We have relied on *French* in the context of a defendant's challenge to a deadly weapon finding. *Campos v. State*, 927 S.W.2d 232, 236–37 (Tex.App.—Waco 1996, no pet.). Edwards' complaint is not barred despite his inability to show that he objected to the trial court's finding. *Robinson*, at 812–13; *French*, 830 S.W.2d at 609; *Campos*, 927 S.W.2d at 236–37.

■ Article 42.12, section 3g(a)(2) of the Code of Criminal Procedure provides that an affirmative finding of the use of a deadly weapon may be made:

> ... when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court....

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.2000). An "affirmative finding" requires an express determination by the trier of fact that a deadly weapon was used or exhibited during the commission of the offense. *Polk v. State*, 693 S.W.2d 391, 396 (Tex.Crim.App.1985).

■ A jury, as the trier of fact, makes an "express determination" that a deadly weapon was used when it (1) finds the defendant "guilty as charged in the indictment" and the indictment alleged the use of a "deadly weapon"; (2) finds the defendant "guilty as charged in the indictment" and the indictment alleged the use of a *per se* deadly weapon; or (3) affirmatively answers a special issue on deadly weapon use. *Davis v. State*, 897 S.W.2d 791, 793 (Tex.Crim.App.1995); *Polk*, 693 S.W.2d at 396. Because appellant was tried by a jury, the trial court had no authority to make an affirmative deadly weapon finding. *Davis*, 897 S.W.2d at 793. In addition, the trial court may not read a deadly weapon finding into the verdict if the verdict does not refer back to the allegations in the indictment. *Id.* at 794.

**2.** Specifically, the jury responded, "We the Jury, find the defendant, Nigel Brian Edwards, guilty of the lesser included offense of Murder."

**3.** A defendant convicted of capital murder is not eligible for parole if sentenced to death

■ Here, the jury's verdict does not refer back to the allegation in the indictment.[2] The court did not submit a special issue on the use or exhibition of a deadly weapon to the jury. Because there was no special issue on the use or exhibition of a deadly weapon submitted to the jury there was no express deadly weapon determination by it, and the court erred when it entered such a finding. *Id.*

■ The State argues in the alternative that murder is a "3g" offense, and thus Edwards is not harmed by the deadly weapon finding. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(A) (Vernon Supp.2000). Section 3g applies not only to the felonies enumerated in section 3g(a)(1) such as murder but also to any felony in which the jury returns an affirmative deadly weapon finding. *Id.* art. 42.12, § 3g(a)(2).

Section 508.145 of the Government Code provides that if a defendant has been convicted of an offense listed in section 3g(a)(1) (other than capital murder) or if a jury has returned an affirmative deadly weapon finding under section 3g(a)(2) the defendant must serve the lesser of thirty calendar years or one-half of his sentence before he will become eligible for parole.[3] TEX. GOV'T CODE ANN. § 508.145 (Vernon Supp.2000). Thus, the State argues the error is harmless because regardless of whether a deadly weapon finding was made, Edwards must serve thirty calender years before he will become eligible for parole.

This Court recently rejected a similar argument. *Rachuig v. State*, 972 S.W.2d 170, 179 (Tex.App.—Waco 1998, pet. ref'd). In *Rachuig*, we said:

> We do not presume to know the effect this improper finding might have on [the defendant]'s parole eligibility under the

and must serve forty calendar years before becoming eligible for parole if sentenced to life. TEX. GOV'T CODE ANN. § 508.145(a), (b) (Vernon Supp.2000).

guidelines established by the Board of Pardons and Paroles. *See* Tex. Gov't Code Ann. § 508.144 (Vernon Supp. 1998). Moreover, article 37.12 requires the court to enter "the proper judgment." Tex. Code Crim. Proc. Ann. art. 37.12 (Vernon 1981). Such a judgment must accurately recite any deadly weapon findings. *Id.* art. 42.01, § 1(21), art. 42.12, § 3g(a)(2) (Vernon Supp.1998); *cf. Asberry v. State,* 813 S.W.2d 526, 529–31 (Tex.App.—Dallas 1991, pet. ref'd) (appellate court modified judgment to reflect jury's deadly weapon finding which trial court had improperly failed to include in judgment).

*Id.* The same reasoning applies in this case.

Accordingly, we sustain Edwards' sole issue. We modify the judgment to delete the deadly weapon finding and affirm the judgment as modified.