**Gordon GARNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10-05-00392-CR.**

Court of Appeals of Texas, Waco.

Jan. 10, 2007.

Stan Schwieger, Waco, for appellant.

J. Keith Meredith, Freestone County Dist. Atty., Fairfield, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

FELIPE REYNA, Justice.

After a contested hearing, the court granted the State's motion to proceed with an adjudication of Gordon Garner's guilt for burglary of a building and to revoke Garner's deferred adjudication community supervision. The court imposed a sentence of eighteen months' confinement in a state jail. Garner contends in his sole issue that the written judgment

erroneously identifies the place of his confinement as the *Institutional Division* of the Texas Department of Criminal Justice. We will modify the judgment and affirm the judgment as modified.

Garner did not present this complaint to the trial court. Thus, it could be argued that this issue has not been preserved for appellate review. *See* Tex.R.App. P. 33.1(a)(1); *Payne v. State*, No. 10–05–00125–CR, 2005 WL 3436815, at *1, 2005 Tex.App. LEXIS 10407, at *3–4 (Tex.App.-Waco Dec. 14, 2005, no pet.) (Gray, C.J., concurring). However, because a trial court has a *sua sponte* duty to sign and enter a proper judgment, this type of complaint is not subject to ordinary rules for procedural default. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex.Crim.App.2004) ("A law that puts a duty on a trial court to act *sua sponte*, creates a right that is waivable only.").

■ "On each verdict of acquittal or conviction, the proper judgment shall be entered immediately." Tex.Code Crim. Proc. Ann. art. 37.12 (Vernon 2006); *see also Rachuig v. State*, 972 S.W.2d 170, 179 (Tex.App.-Waco 1998, pet. ref'd). Because article 37.12 imposes a *sua sponte* duty on the trial court to sign and enter a "proper judgment," a complaint that the judgment does not comport with the verdict or oral pronouncement of sentence cannot be forfeited by a failure to object in the trial court. *See Mendez*, 138 S.W.3d at 342; *see also Cobb v. State*, 95 S.W.3d 664, 666–67 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Edwards v. State*, 21 S.W.3d 625, 626 n. 1 (Tex.App.-Waco 2000, no pet.); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.-Dallas 1991, pet. ref'd).

The State agrees that the judgment contains an erroneous recital regarding the place where Garner is to be confined. Nevertheless, the State cites a recent habeas decision of the Court of Criminal Appeals, *Ex parte Ybarra*, for the proposition that this issue must be raised by motion for judgment *nunc pro tunc* and not by direct appeal. 149 S.W.3d 147 (Tex.Crim.App.2004) (per curiam). We agree that a motion for judgment *nunc pro tunc* is an appropriate procedural vehicle to obtain such relief, but we do not agree that it is the exclusive means to correct an erroneous recital in a judgment.

In *Ybarra*, the habeas applicant alleged that the trial court had failed to give him proper credit for pre-sentence jail time. *Id.* at 148. The Court observed:

The trial court is required to grant the Applicant pre-sentence jail time credit when sentence is pronounced. In the event the court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and should do so. Further, we have held that matters which may be raised and resolved by nunc pro tunc proceedings should not be considered by way of writ of habeas corpus.

The appropriate remedy *in this situation* is to require Applicant to present the issue to the trial court by way of a nunc pro tunc motion, as Applicant alleges he has done in this case. If the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do so.

*Id.* at 148–49 (citations omitted) (emphasis added).

By its own language, *Ybarra* is limited to cases in which a defendant seeks modification of a criminal judgment in a post-conviction habeas proceeding. Conversely, courts have recognized that such relief may be obtained by motion for judgment

*nunc pro tunc* or by direct appeal. *See, e.g., Hughes v. State,* 493 S.W.2d 166, 170 (Tex.Crim.App.1973); *Modica v. State,* 151 S.W.3d 716, 720 (Tex.App.-Beaumont 2004, pet. ref'd), *cert. denied,* —— U.S. ——, 126 S.Ct. 2895, 165 L.Ed.2d 923 (2006). Thus, "[t]he solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment." [1] *Thompson v. State,* 108 S.W.3d 287, 290 (Tex.Crim.App.2003); *see Modica,* 151 S.W.3d at 732 (modifying judgment to recite correct offense for which defendant was convicted); *Cobb,* 95 S.W.3d at 668 (modifying judgment to correct deadly-weapon finding); *Edwards v. State,* 21 S.W.3d at 628 (modifying judgment to delete deadly-weapon finding); *Asberry,* 813 S.W.2d at 531 (modifying judgment to add deadly-weapon finding); *see also Taylor v. State,* 131 S.W.3d 497, 502 (Tex.Crim.App. 2004) ("Since the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated, the Court of Appeals was correct to delete the fine from the judgment.").

Here, the offense for which Garner was convicted—burglary of a building—is a state-jail felony. Tex. Pen.Code Ann. § 30.02(c)(1) (Vernon 2003). The trial court correctly pronounced that Garner was sentenced to eighteen months' confinement in a state jail. However, the judgment erroneously recites that the place of Garner's confinement is the Institutional Division of the Texas Department of Criminal Justice. Accordingly, we sustain Garner's sole issue.

We modify the judgment to reflect that the place of Garner's confinement is the State Jail Division of the Texas Department of Criminal Justice. We affirm the judgment as modified. *See* Tex.R.App. P. 43.2(b).

Chief Justice GRAY concurs only in the judgment without a separate opinion.

---

1. *See also* Tex.R.App. P. 43.2(b) ("The court of appeals may ... modify the trial court's judgment and affirm it as modified.").