IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00392-CR

 

Gordon Garner,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 87th District Court

Freestone County, Texas

Trial Court No. 04-204-CR

 



Opinion



 








          After a contested hearing, the court
granted the State’s motion to proceed with an adjudication of Gordon Garner’s
guilt for burglary of a building and to revoke Garner’s deferred adjudication
community supervision.  The court imposed a sentence of eighteen months’
confinement in a state jail.  Garner contends in his sole issue that the
written judgment erroneously identifies the place of his confinement as the Institutional
Division of the Texas Department of Criminal Justice.  We will modify the
judgment and affirm the judgment as modified.

          Garner did not present this complaint
to the trial court.  Thus, it could be argued that this issue has not been
preserved for appellate review.  See Tex.
R. App. P. 33.1(a)(1); Payne v. State, No. 10-05-00125-CR, 2005 Tex. App. LEXIS 10407, at *3-4 (Tex. App.—Waco Dec. 14, 2005, no pet.) (Gray, C.J.,
concurring).  However, because a trial court has a sua sponte duty to
sign and enter a proper judgment, this type of complaint is not subject to
ordinary rules for procedural default.  See Mendez v. State, 138 S.W.3d
334, 342 (Tex. Crim. App. 2004) (“A law that puts a duty on a trial court to
act sua sponte, creates a right that is waivable only.”).

          “On each verdict of acquittal or
conviction, the proper judgment shall be entered immediately.”  Tex. Code Crim. Proc. Ann. art. 37.12
(Vernon 2006); see also Rachuig v. State, 972 S.W.2d 170, 179 (Tex.
App.—Waco 1998, pet. ref’d).  Because article 37.12 imposes a sua sponte
duty on the trial court to sign and enter a “proper judgment,” a complaint that
the judgment does not comport with the verdict or oral pronouncement of
sentence cannot be forfeited by a failure to object in the trial court.  See
Mendez, 138 S.W.3d at 342; see also Cobb v. State, 95 S.W.3d 664, 666-67
(Tex. App.—Houston [1st Dist.] 2002, no pet.); Edwards v. State, 21
S.W.3d 625, 626 n.1 (Tex. App.—Waco 2000, no pet.); Asberry v. State,
813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref’d).

          The State agrees that the judgment
contains an erroneous recital regarding the place where Garner is to be confined. 
Neverthless, the State cites a recent habeas decision of the Court of Criminal
Appeals, Ex parte Ybarra, for the proposition that this issue must be
raised by motion for judgment nunc pro tunc and not by direct appeal. 
149 S.W.3d 147 (Tex. Crim. App. 2004) (per curiam).  We agree that a motion for
judgment nunc pro tunc is an appropriate procedural vehicle to obtain
such relief, but we do not agree that it is the exclusive means to correct an
erroneous recital in a judgment.

          In Ybarra, the habeas applicant
alleged that the trial court had failed to give him proper credit for
pre-sentence jail time.  Id. at 148.  The Court observed:

          The trial court is required to grant
the Applicant pre-sentence jail time credit when sentence is pronounced.  In
the event the court fails to award such credit at the time the sentence is
imposed, the trial court has the authority to correct the judgment to reflect
the appropriate time credit by nunc pro tunc order and should do so.  Further,
we have held that matters which may be raised and resolved by nunc pro tunc
proceedings should not be considered by way of writ of habeas corpus.

 

          The appropriate remedy in this
situation is to require Applicant to present the issue to the trial court
by way of a nunc pro tunc motion, as Applicant alleges he has done in this
case.  If the trial court fails to respond, Applicant is first required to seek
relief in the Court of Appeals, by way of a petition for a writ of mandamus,
unless there is a compelling reason not to do so.

 

Id.
at 148-49 (citations omitted) (emphasis added).

          By its own language, Ybarra is
limited to cases in which a defendant seeks modification of a criminal judgment
in a post-conviction habeas proceeding.  Conversely, courts have recognized
that such relief may be obtained by motion for judgment nunc pro tunc or
by direct appeal.  See, e.g., Hughes v. State, 493 S.W.2d 166, 170 (Tex.
Crim. App. 1973); Modica v. State, 151 S.W.3d 716, 720 (Tex.
App.—Beaumont 2004, pet. ref’d), cert. denied, ___ U.S. ___, 126 S. Ct. 2895, 165 L. Ed. 2d 923 (2006).  Thus, “[t]he solution in those cases in which
the oral pronouncement and the written judgment conflict is to reform the
written judgment.”[1]  Thompson
v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); see Modica,
151 S.W.3d at 732 (modifying judgment to recite correct offense for which
defendant was convicted); Cobb, 95 S.W.3d at 668 (modifying judgment to
correct deadly-weapon finding); Edwards v. State, 21 S.W.3d at 628 (modifying
judgment to delete deadly-weapon finding); Asberry, 813 S.W.2d at 531
(modifying judgment to add deadly-weapon finding); see also Taylor v. State,
131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (“Since the judge did not orally
assess a fine as part of Taylor’s sentence when guilt was adjudicated, the
Court of Appeals was correct to delete the fine from the judgment.”).

          Here, the offense for which Garner was
convicted—burglary of a building—is a state-jail felony.  Tex. Pen. Code Ann. § 30.02(c)(1)
(Vernon 2003).  The trial court correctly pronounced that Garner was sentenced
to eighteen months’ confinement in a state jail.  However, the judgment
erroneously recites that the place of Garner’s confinement is the Institutional
Division of the Texas Department of Criminal Justice.  Accordingly, we sustain
Garner’s sole issue.

We modify the judgment to reflect that the place
of Garner’s confinement is the State Jail Division of the Texas Department of
Criminal Justice.  We affirm the judgment as modified.  See Tex. R. App. P. 43.2(b).

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs only in the judgment without a separate opinion)

Modified and affirmed

Opinion delivered and
filed January 10, 2007

Publish

[CR25]









[1]
          See also Tex. R. App. P. 43.2(b) (“The court of
appeals may . . . modify the trial court’s judgment and affirm it as modified.”).