IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00294-CR

 

Sherman Dale Anderson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F40682

 



MEMORANDUM  Opinion



 








            Sherman Dale Anderson appeals the
revocation of his community supervision for evading arrest with a vehicle and
violation of a protective order.  He contends in three issues that: (1) the
court abused its discretion by revoking his community supervision because there
is insufficient evidence to prove he committed a new offense; (2) the court
abused its discretion by failing to reduce his sentence under article 42.12,
section 23(a) of the Code of Criminal Procedure; and (3) the judgment does not
correctly recite the plea he entered to the allegations of the revocation
motion.  We will modify the judgment and affirm it as modified.

            Anderson contends in his first issue
that the court abused its discretion by revoking his community supervision because
there is insufficient evidence to prove he committed a new offense.  The court
found that Anderson committed five separate violations of his community
supervision.[1] 
However, Anderson challenges the court’s findings with regard to only one of
those five violations.  “To obtain reversal for insufficiency of the evidence
in a probation revocation case, a defendant must successfully challenge each
ground on which the trial court relies, because one sufficient ground supports
the trial court’s order.”  Sterling v. State, 791 S.W.2d 274, 277
(Tex. App.—Corpus Christi 1990, pet. ref’d) (citing Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).  Because Anderson
challenges the sufficiency of the evidence with respect to only one of the five
violations found by the court, we overrule his first issue.  See Moore, 605 S.W.2d at 926.

            Anderson contends in his second issue
that the court abused its discretion by failing to reduce his sentence under
article 42.12, section 23(a).  That statute invests a trial court with
discretion upon revocation to impose the original sentence, “or if the judge
determines that the best interests of society and the defendant would be served
by a shorter term of confinement, reduce the term of confinement originally
assessed to any term of confinement not less than the minimum prescribed for
the offense.”  Tex. Code Crim. Proc.
Ann. art. 42.12, § 23(a) (Vernon Supp. 2007).

            Here, one of the offenses for which Anderson was placed on community supervision was the violation of a protective order by
committing an assault on his wife.  The State offered evidence at the revocation
hearing that he had engaged in several instances of assaultive conduct toward
her beginning in August 2006.  About a week after being placed on community
supervision, Anderson assaulted her again, causing severe injuries, and several
months later he assaulted her still another time.  Based on this record, we
hold that the court did not abuse its discretion by declining to reduce the
length of Anderson’s sentence.  See Cannon v. State, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976) (no abuse of discretion in refusal to reduce sentence where defendant
committed burglary less than a month after being placed on probation for
burglary).  Thus, we overrule Anderson’s second issue.

            Anderson contends in his third issue
that the judgment does not correctly recite the plea he entered to the
allegations of the revocation motion.  The State agrees and suggests that the
judgment be modified accordingly.

            The judgment recites in pertinent part
that Anderson “waived the reading of the motion to revoke, and, upon being
asked by the Court as to how the defendant pleaded, entered a plea of True
to the allegations in the motion to revoke.”  However, the reporter’s record
affirmatively reflects that neither statement is true.  Anderson did not waive
the reading of the allegations, and he entered a plea of “not true” to them.[2]

            Article 37.12 of the Code of Criminal
Procedure requires a trial court to enter “the proper judgment.”  Tex. Code Crim. Proc. Ann. art. 37.12 (Vernon
2006); Edwards v. State, 21 S.W.3d 625, 628 (Tex. App.—Waco 2000, no
pet.).  Among other things, the judgment must accurately recite “[t]he plea or
pleas of the defendant.”  Tex. Code
Crim. Proc. Ann. art. 42.01, § 1(3) (Vernon 2006); see Edwards, 21
S.W.3d at 628 (addressing recital of deadly weapon finding in judgment). 
Because the quoted portions of the judgment do not accurately reflect what
transpired, we sustain Anderson’s third issue.

We modify the judgment to reflect that Anderson did not waive the reading of the revocation motion, that the State read the
motion, and that Anderson entered a plea of “Not True” to the allegations.  See
Edwards, 21 S.W.3d at 628.  We affirm the judgment as modified.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed August 13, 2008

Do not publish

[CR25]

 









[1]
              The State alleged seven
different violations.





[2]
              The first page of the judgment
states that Anderson entered a plea of “Not true,” but the quotation above is
from the second page.








v. Burge, No.
05-99-01217-CV, 2000 Tex.
App. LEXIS 6606, at *6-7 (Tex. App.—Dallas Oct. 2, 2000, no pet.) (not
designated for publication). 
We also note that a
previously filed lawsuit by Gordon against TDCJ and UTMB, involving the same
allegations, is currently pending in United States District Court for the
Southern District of Texas, Houston Division, Civil Action No. H-06-2790.    





[1]               I note that if the State and UTMB had
been properly served, appellant has not shown how the trial court would have
had jurisdiction over them – in essence a waiver of sovereign immunity.