# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-0000719-CR
### NO. 03-11-0000720-CR

**Lawrence John Short, II, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 59,650 & 67,056, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellant, Lawrence John Short II, was indicted in June 2006 for sexual assault, a second-degree felony. *See* Tex. Penal Code Ann. § 22.011(a)(2)(A), (f) (West 2011). A second-degree felony has a statutory punishment range of two to twenty years in prison and a fine of up to $10,000. *See* Tex. Penal Code Ann. § 12.33 (West 2011). Appellant pleaded guilty, and the trial court placed appellant on ten years' deferred-adjudication community supervision. In September 2008, the State filed a motion to adjudicate, alleging that appellant had violated the terms of his community supervision in various ways. As a separate prosecution, the State also charged appellant with failure to register as a sex offender (as required by virtue of his prior offense), which is a third-degree felony. *See* Tex. Code Crim. Proc. Ann. art. 62.102(b)(2) (West 2006). The statutory punishment range for a third-degree felony is two to ten years in prison and a fine of up to $10,000. *See* Tex. Penal Code Ann. § 12.34 (West 2011).

After a hearing, the trial court adjudicated appellant guilty of sexual assault and imposed a sentence of 12 years in prison. Appellant also pleaded guilty to the new charge of failure to register, for which the trial court imposed a sentence of ten years in prison, to run concurrently with the sentence for the sexual assault. Appellant subsequently appealed both judgments. We consider the two cases together because the sole issue on appeal is identical in both. We will affirm the trial court's judgments.

## DISCUSSION

In his sole issue in both appeals, appellant argues that the trial court abused its discretion in imposing prison sentences for sexual assault and failure to register because they do not further the rehabilitative objective of the penal system. *See* Tex. Penal Code Ann. §1.02(1)(B)(West 2011). Appellant neglected to raise this issue in the trial court. He argues that the defect was so apparent from the context of the case that a specific objection was unnecessary to preserve the issue on appeal. *See* Tex. R. App. P. 33.1(a)(1)(A). We disagree. Appellant relies on cases in which the courts of appeals addressed allegations of bias or fundamental mistakes by the trial court, such as a trial judge finding that a crime was committed with a deadly weapon when the jury made no such finding. *See, e.g., Edwards v. State*, 21 S.W.3d 625, 626-27 (Tex. App.—Waco 2000, no pet.). Appellant does not explain why his failure to object to a sentence that he concedes is within the statutory range rises to that level of bias or fundamental error. We therefore conclude that he waived this issue. Tex. R. App. P. 33.1; *see Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *Gilmore v. State*, No. 03-10-00740-CR, 2011 WL 3659311, at *1 (Tex. App.—Austin Aug. 16, 2011, no pet.) (mem. op., not designated for publication).

In any event, we do not think the trial court abused its discretion. Generally, if there is record evidence to support the trial judge's sentence, we will not reverse absent a showing of abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). In addition, appellate courts will not disturb a sentence that is within the statutory range. *Id.*

Regarding the sentence for sexual assault, the trial court had evidence before it that appellant violated the terms of his community supervision by failing to meet with or contact his supervision officer for more than three years, failing to report changes of address and employment, accessing Internet chat rooms and sending e-mails when the terms of his supervision prohibited him from doing so, and testing positive for cocaine. In light of this evidence, we hold that the trial court did not abuse its discretion by adjudicating appellant guilty and imposing a prison sentence that is barely half of the possible term provided for by statute.

The trial court sentenced appellant to ten years' imprisonment for failing to register as a sex offender, the maximum term of punishment available by statute for that offense. As the State notes, although one of the purposes of the Penal Code is to provide for the rehabilitation of offenders, Tex. Penal Code Ann. § 1.02(1)(B), the same section lists other purposes: deterrence and punishment, *id.* §§ 1.02(1)(A), (1)(C) (West 2011). Even if we were able to second guess the trial court's determination, given the nature of the offense and the appellant's conduct during his community supervision, we do not believe that the trial court abused its discretion in imposing the sentence of ten years, particularly since it runs concurrently with the sentence in the other case. We overrule appellant's sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgments.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   November 7, 2012

Do Not Publish