TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00721-CR






Austin Joel Trott, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT

NO. 64135, HONORABLE JOE CARROLL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant, Austin Joel Trott, pleaded guilty to the charge of theft of a firearm, a state
jail felony with a statutory punishment range of six months to two years and a fine of up to $10,000.
Tex. Penal Code Ann. § 31.03(a),(e)(4)(C) (West 2011). The trial court placed appellant on three
years deferred-adjudication community supervision. Appellant was subsequently arrested for public
intoxication and burglary of a motor vehicle. Appellant bonded out of jail and fled to Mexico before
the State filed a motion to adjudicate. He remained in Mexico for two years before returning to
Texas to confront his legal problems. He pleaded "true" to the allegations in the motion to
adjudicate and requested continued community supervision. The trial court adjudicated appellant
guilty and imposed a sentence of 18 months in state jail. The court also assessed court-appointed
attorney's fees of $787.50 that appellant was to pay on release from his sentence. The record reflects
that the trial court twice found appellant to be indigent. On appeal, appellant contests the assessment
of attorney's fees and alleges that the trial court abused its discretion in imposing the jail sentence. 
We sustain appellant's first issue and modify the judgment to delete the attorney's fees award; we
overrule his second issue and affirm the judgment of the trial court as modified.


DISCUSSION


 Appellant first challenges the assessment of $787.50 for court-appointed attorney's
fees. The code of criminal procedure provides that if the court determines that a defendant has
sufficient financial resources to offset, in whole or in part, the costs of the legal services provided
to him, the court shall order him to pay the amount it finds the defendant is able to pay. Tex. Code
Crim. Proc. Ann. art. 26.05(g) (West 2011). An accused whom the trial court has found to be
indigent is presumed to remain indigent for the rest of the proceedings in the case absent "a material
change in the defendant's financial circumstances." Id. art. 26.04(p) (West 2011). The defendant's
financial resources and ability to pay are explicit elements of the statute that must be supported by
record evidence. Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). If the evidence does
not support the trial court's judgment to pay attorney's fees, the remedy is to modify the judgment
to delete the attorneys' fees assessment. Dominguez v. State, 363 S.W.3d 926, 934 (Tex.
App.--Austin 2012, no pet.) (citing Mayer, 309 S.W.3d at 557). In the present case, both the State
and appellant agree that the record evidence does not support the trial court's assessment
of attorneys' fees, and both ask that the assessment be deleted. We therefore sustain appellant's
first issue.

 Appellant argues in his second issue that the trial court abused its discretion in
imposing a sentence of 18 months in a state jail because such a sentence violates the objectives of
the system set up by the penal code, one of which is rehabilitation. See Tex. Penal Code Ann.
§ 1.02(1)(B) (West 2011). Appellant did not raise this issue in the trial court. He argues that the
problem was so apparent from the context of the case that a specific objection was unnecessary to
preserve the issue for appeal. See Tex. R. App. P. 33.1 (a)(1)(A). We disagree. Appellant relies on
cases in which the courts of appeals addressed allegations of bias or fundamental mistakes by
the trial court, such as the trial court entering a deadly weapon finding when the jury did not. See,
e.g., Edwards v. State, 21 S.W.3d 625, 626-27 (Tex. App.--Waco 2000, no pet.). Appellant does
not explain why his failure to object to a sentence that was within the range prescribed by
the legislature rises to that level. We therefore conclude that he waived this issue. Tex. R. App.
P. 33.1; see Gilmore v. State, No. 03-10-00740-CR, 2011 WL 3659311, at *1 (Tex. App.--Austin
Aug. 16, 2011, no pet.) (mem. op., not designated for publication).

 In any event, we do not think the trial court abused its discretion. Generally, if there
is record evidence to support the trial judge's sentence, we will not reverse absent a showing of
abuse of discretion. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Also, as a
general proposition, appellate courts will not disturb a sentence that is within the statutory range. 
Id. Here, the trial court had evidence before it that appellant had committed two additional crimes
during his community supervision and had fled the United States for two years in order to escape the
consequences. In light of these facts, we hold that the trial court did not abuse its discretion in
adjudicating appellant guilty and imposing a state jail sentence that appellant concedes is within the
statutory range. We overrule appellant's second issue.


CONCLUSION

 Having sustained appellant's first issue and overruled his second issue, we modify
the trial court's judgment to delete the award for attorney's fees and affirm the judgment as modified.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed: November 7, 2012

Do Not Publish