# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00721-CR

**Austin Joel Trott, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 64135, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Austin Joel Trott, pleaded guilty to the charge of theft of a firearm, a state jail felony with a statutory punishment range of six months to two years and a fine of up to $10,000. Tex. Penal Code Ann. § 31.03(a),(e)(4)(C) (West 2011). The trial court placed appellant on three years deferred-adjudication community supervision. Appellant was subsequently arrested for public intoxication and burglary of a motor vehicle. Appellant bonded out of jail and fled to Mexico before the State filed a motion to adjudicate. He remained in Mexico for two years before returning to Texas to confront his legal problems. He pleaded "true" to the allegations in the motion to adjudicate and requested continued community supervision. The trial court adjudicated appellant guilty and imposed a sentence of 18 months in state jail. The court also assessed court-appointed attorney's fees of $787.50 that appellant was to pay on release from his sentence. The record reflects that the trial court twice found appellant to be indigent. On appeal, appellant contests the assessment

of attorney's fees and alleges that the trial court abused its discretion in imposing the jail sentence. We sustain appellant's first issue and modify the judgment to delete the attorney's fees award; we overrule his second issue and affirm the judgment of the trial court as modified.

## DISCUSSION

Appellant first challenges the assessment of $787.50 for court-appointed attorney's fees. The code of criminal procedure provides that if the court determines that a defendant has sufficient financial resources to offset, in whole or in part, the costs of the legal services provided to him, the court shall order him to pay the amount it finds the defendant is able to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2011). An accused whom the trial court has found to be indigent is presumed to remain indigent for the rest of the proceedings in the case absent "a material change in the defendant's financial circumstances." *Id.* art. 26.04(p) (West 2011). The defendant's financial resources and ability to pay are explicit elements of the statute that must be supported by record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). If the evidence does not support the trial court's judgment to pay attorney's fees, the remedy is to modify the judgment to delete the attorneys' fees assessment. *Dominguez v. State*, 363 S.W.3d 926, 934 (Tex. App.—Austin 2012, no pet.) (citing *Mayer*, 309 S.W.3d at 557). In the present case, both the State and appellant agree that the record evidence does not support the trial court's assessment of attorneys' fees, and both ask that the assessment be deleted. We therefore sustain appellant's first issue.

Appellant argues in his second issue that the trial court abused its discretion in imposing a sentence of 18 months in a state jail because such a sentence violates the objectives of

2

the system set up by the penal code, one of which is rehabilitation. *See* Tex. Penal Code Ann. § 1.02(1)(B) (West 2011). Appellant did not raise this issue in the trial court. He argues that the problem was so apparent from the context of the case that a specific objection was unnecessary to preserve the issue for appeal. *See* Tex. R. App. P. 33.1 (a)(1)(A). We disagree. Appellant relies on cases in which the courts of appeals addressed allegations of bias or fundamental mistakes by the trial court, such as the trial court entering a deadly weapon finding when the jury did not. *See, e.g.*, *Edwards v. State*, 21 S.W.3d 625, 626-27 (Tex. App.—Waco 2000, no pet.). Appellant does not explain why his failure to object to a sentence that was within the range prescribed by the legislature rises to that level. We therefore conclude that he waived this issue. Tex. R. App. P. 33.1; *see Gilmore v. State*, No. 03-10-00740-CR, 2011 WL 3659311, at *1 (Tex. App.—Austin Aug. 16, 2011, no pet.) (mem. op., not designated for publication).

In any event, we do not think the trial court abused its discretion. Generally, if there is record evidence to support the trial judge's sentence, we will not reverse absent a showing of abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Also, as a general proposition, appellate courts will not disturb a sentence that is within the statutory range. *Id.* Here, the trial court had evidence before it that appellant had committed two additional crimes during his community supervision and had fled the United States for two years in order to escape the consequences. In light of these facts, we hold that the trial court did not abuse its discretion in adjudicating appellant guilty and imposing a state jail sentence that appellant concedes is within the statutory range. We overrule appellant's second issue.

**CONCLUSION**

Having sustained appellant's first issue and overruled his second issue, we modify the trial court's judgment to delete the award for attorney's fees and affirm the judgment as modified.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed:   November 7, 2012

Do Not Publish