**AFFIRM as Modified; Opinion Filed April 18, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01626-CR

## ERICA ANA GARZA, A/K/A ANA MARTINEZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-56880-T

### MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Lang-Miers

Appellant Erica Ana Garza was charged with aggravated robbery with a deadly weapon. Appellant entered an open plea of guilty and the trial court assessed punishment, enhanced by a prior conviction for robbery, at fifteen years in prison. In two issues on appeal appellant argues that the trial court erred when it ordered appellant to pay court-appointed attorney's fees and that appellant's punishment was excessive. We resolve appellant's first issue in her favor. We resolve appellant's second issue against her. We limit recitation of the facts because the background of the case and the evidence admitted at trial are well known to the parties and not germane to this appeal. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in this case is well settled.

# FIRST ISSUE

In her first issue appellant argues that the trial court erred when it assessed attorney's fees in the amount of $250 as part of appellant's court costs because the evidence is insufficient to support the assessment of attorney's fees. The State agrees with appellant.

Under article 26.05(g) of the Texas Code of Criminal Procedure, a trial court shall order a convicted defendant to pay all or part of the defendant's appointed attorney's fees as court costs only if the court finds that the defendant is able to pay those attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). In this case the trial court assessed $250 in appointed attorney's fees as part of appellant's court costs.[1] The record demonstrates, however, that the trial court found appellant indigent twice—once for purposes of trial and once for purposes of appeal. There is no evidence in the record to show a material change in appellant's financial status and there is no finding or determination that appellant is able to pay her appointed attorney's fees. When an appellate court concludes that there is insufficient evidence to support the assessment of appointed attorney's fees as court costs, the appropriate remedy is to strike the amount of attorney's fees from the judgment. *See, e.g.*, *Montgomery v. State*, No. 05-11-00236-CR, 2012 WL 3024222, at *2 (Tex. App.—Dallas July 25, 2012, no pet.) (mem. op., not designated for publication). Because the evidence is insufficient to support the trial court's assessment of attorney's fees as part of appellant's court costs, we resolve appellant's first issue in her favor and modify the judgment to change the notation under the heading "Court Costs" from "$494" to "$244."

# SECOND ISSUE

In her second issue appellant complains that her punishment was excessive. More specifically, she argues that she was a "decent candidate for probation" and that her prison

---

[1] The trial court assessed $494 in total court costs. One of the itemized court costs listed on the trial court's fee docket is $250 for "APAT," which the parties agree stands for "appointed attorney."

sentence does not meet the rehabilitation objective of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 1.02(1)(B) (West 2011) (listing "rehabilitation of those convicted" as one objective). To support her argument appellant notes that that she suffered from a drug addiction, had "mental health issues," and was sexually abused as a child. In response, the State argues that appellant failed to preserve this issue for appellate review and, alternatively, the record does not demonstrate that the sentence violates the objectives of the penal code.

To preserve alleged error relating to excessive punishment, a defendant must make a timely request or motion in the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). In this case appellant did not complain about her sentence either at the time it was imposed or in her motion for new trial.

Appellant urges us to address the merits of her punishment complaint for three alternative reasons. First, appellant argues that her complaint was so apparent from the context of the case that a specific objection was unnecessary to preserve the issue for appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A) (requiring specific objection unless "the specific grounds were apparent from the context"). To support her argument appellant cites *Montgomery v. State*, 99 S.W.3d 257 (Tex. App.—Fort Worth 2003, pet. struck); *Edwards v. State*, 21 S.W.3d 625 (Tex. App.—Waco 2000, no pet.); and *Garza v. State*, 841 S.W.2d 19 (Tex. App.—Dallas 1992, no pet.). None of those cases, however, involve a complaint that punishment was excessive and violated the objectives of the penal code. Those cases also do not explain how a complaint that punishment was excessive, especially punishment within the statutory range for the offense, would be apparent from the context of the case and not require an objection at trial. As a result, those cases are not persuasive.

Second, appellant argues that "fundamental error in punishment" can be raised for the first time on appeal, citing *Hernandez v. State*, 268 S.W.3d 176 (Tex. App.—Corpus Christi

2008, no pet.), and *Jaenicke v. State*, 109 S.W.3d 793 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). *Hernandez* and *Jaenicke*, however, involved allegations of trial court bias that manifested itself during sentencing. Appellant does not argue that the trial court was biased against her. As a result, *Hernandez* and *Jaenicke* are distinguishable.

Finally, appellant argues that her motion for new trial "serves as adequate preservation." We disagree. Appellant's motion for new trial stated generally that "the verdict is contrary to the law and the evidence." A motion for new trial that generally complains that the verdict is contrary to the law and the evidence does not preserve a complaint that punishment was excessive. *See Rivas v. State*, No. 05-11-00390-CR, 2012 WL 677515, at *1 (Tex. App.—Dallas Mar. 2, 2012, no pet.) (mem. op., not designated for publication) (defendant's argument in his motion for new trial that the verdict was contrary to the law and the evidence did not preserve for appellate review his complaint that trial court abused its discretion by sentencing him to imprisonment rather than community supervision). We conclude that appellant failed to preserve her second issue for appellate review. *See Castaneda*, 135 S.W.3d at 723.

But even if appellant had preserved her complaint for appellate review, we would resolve it against her. In addition to rehabilitation, the penal code's two other stated objectives are deterrence and punishment as necessary to prevent recurrence of criminal behavior. *See* TEX. PENAL CODE ANN. § 1.02(1)(A)–(C). In this case appellant pleaded guilty to beating the 54-year-old complainant with a tire iron while an accomplice stole the complainant's cell phone. Appellant also pleaded true to a prior conviction for robbery. Appellant's 15-year sentence is at the lower end of the statutory range for the offense, which is 5 to 99 years or life imprisonment. *See id.* §§ 12.32(a), 12.42(b), 22.02(b) (West 2011 & Supp. 2012). Given the nature of the offense and appellant's criminal history, we could not conclude that appellant's sentence violated the objectives of the penal code. Moreover, as a general rule, punishment that is assessed within

the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). We resolve appellant's second issue against her.

## CONCLUSION

We resolve appellant's first issue in her favor and modify the judgment to change the notation under the heading "Court Costs" from "$494" to "$244." We resolve appellant's second issue against her.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

111626F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERICA ANA GARZA, A/K/A ANA
MARTINEZ, Appellant

No. 05-11-01626-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas.
Trial Court Cause No. F11-56880-T.
Opinion delivered by Justice Lang-Miers,
Justices Murphy and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: the notation under the heading "Court Costs" is changed from "$494" to "$244." As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of April, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE