

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00262-CR

Dwight **HAMPTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR6905
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 28, 2014

AFFIRMED AS MODIFIED

Dwight Hampton appeals from his conviction for aggravated assault causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). In his first issue, Hampton contends the trial court erred by finding that he committed a "3g offense." *See* TEX. CODE CRIM. PROC. art. 42.12, § 3g (West Supp. 2013). In his second issue, Hampton contends his due process rights were violated because the trial court's erroneous finding precluded the trial court from considering him eligible for community supervision. We modify the court's judgment to delete the 3g offense finding and affirm as modified.

**SECTION 3G FINDING**

Under article 42.12, section 3g of the Code of Criminal Procedure, the legislature has defined two categories of defendants who are not eligible for community supervision. *Id.* The first category of ineligible defendants are those convicted of certain statutorily enumerated offenses, *e.g.*, murder and aggravated robbery. *Id.* art. 42.12, § 3g(a)(1). The second category of ineligible defendants are those against whom the trier of fact has made an "affirmative finding" that they used or exhibited a deadly weapon during the commission of a felony offense. *Id.* art. 42.12, § 3g(a)(2).

Hampton entered an open plea of nolo contendere to the charge of aggravated assault causing serious bodily injury. Based on the stipulated evidence, the trial court found Hampton guilty. At his punishment hearing, the trial court made "an affirmative finding that this is a 3-G offense." The trial court's written judgment reflects that oral finding. However, aggravated assault is not one of the statutorily enumerated 3g offenses. *See id.* art. 42.12, § 3g(a)(1). Hampton asks this court to delete the finding from the trial court's judgment.

The State asks us to broadly construe the trial court's finding that Hampton committed a 3g offense as an affirmative finding that Hampton used or exhibited a deadly weapon during the commission of the aggravated assault. We decline to do so. The "affirmative finding" required by the Code requires express, not implied, findings. *See Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985) (holding that "affirmative finding" requirement "mean[s] the trier of fact's *express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense"); *Edwards v. State*, 21 S.W.3d 625, 627 (Tex. App.—Waco 2000, no pet.). The trial court did not make an express, oral finding that Hampton used or exhibited a deadly weapon, nor did it enter a deadly weapon finding in the space specifically provided for such a finding on its form judgment. Because the trial court did not make an affirmative deadly weapon

finding and aggravated assault is not one of the statutorily enumerated 3g offenses, the trial court erred in making a finding that "this is a 3-G offense."[1]

The State also argues that Hampton waived any error because he did not object when the trial court orally found that he committed a 3g offense. We disagree. "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet ref'd). The Code of Criminal Procedure "imposes a *sua sponte* duty on the trial court to sign and enter a 'proper judgment,' [and] a complaint that the judgment does not comport with the verdict or oral pronouncement of sentence cannot be forfeited by a failure to object in the trial court." *Garner v. State*, 214 S.W.3d 705, 706 (Tex. App.—Waco 2007, no pet.) (citing TEX. CODE CRIM. PROC. art. 37.12 (West 2006)); *see also Edwards*, 21 S.W.3d at 626 n.1 (holding defendant did not need to object to trial court's finding that deadly weapon was used in the offense when the jury's punishment charge did not include a special issue on the use or exhibition of a deadly weapon). Here, the trial court's 3g finding in its judgment does not comport with its verdict that Hampton was guilty of aggravated assault because aggravated assault is, by definition and as a matter of law, not a 3g offense. Thus, the trial court had no authority to enter a finding that Hampton committed a 3g offense, and in doing so, it failed to perform its ministerial duty to enter a correct judgment. *See, e.g., Edwards*, 21 S.W.3d at 627. Therefore, Hampton did not need to object to the trial court's finding in order to complain about the finding on appeal.

We sustain Hampton's first point of error and delete the 3g offense finding from the trial court's judgment. *See, e.g., Glass v. State*, No. 2-07-111-CR, 2008 WL 2002545 (Tex. App.—Fort

---

[1] After the parties filed their briefs, the trial court submitted a letter stating that the court made the 3g finding in error and asking this court to delete the affirmative finding from its judgment.

Worth May 8, 2008, no pet.) (deleting finding that defendant convicted of murder committed a 3g offense because murder was not a 3g offense at the time the defendant committed the murder).

## DUE PROCESS

Hampton contends that his due process rights were violated because the trial court's erroneous 3g finding precluded it from considering community supervision as an appropriate punishment. His primary authority is *Grado v. State*, No. 07-11-00468-CR, 2013 WL 3355743 (Tex. App.—Amarillo June 28, 2013, pet. granted). In that case, the trial court erroneously considered the wrong statutory punishment range when sentencing the defendant. *Id.* at *1. After conducting a harm analysis, the court of appeals determined that the defendant's substantial rights had been affected and the defendant was entitled to a new punishment hearing.[2] *Id.* at *5. Hampton's case is distinguishable from *Grado* because there is nothing in the record indicating the trial court considered a 3g finding before imposing Hampton's sentence. On the contrary, the record reveals the trial court made its 3g finding only after it found Hampton guilty and imposed a thirty-year sentence. Because the trial court sentenced Hampton to a term of thirty years' incarceration in the Texas Department of Criminal Justice, a term exceeding ten years, Hampton was ineligible for community supervision without regard to whether he committed a 3g offense.[3] TEX. CODE CRIM. PROC. art. 42.12, § 3(e) (West Supp. 2013). We overrule Hampton's second point of error.

---

[2] In the other case Hampton cites, the Court of Criminal Appeals stated a defendant has the right to "be sentenced within the statutorily applicable range of punishment." *Gutierrez v. State*, 380 S.W.3d 167, 175 (Tex. Crim. App. 2012). This stands for nothing more than the proposition that a defendant may not receive an illegal sentence.

[3] Hampton does not argue that, but for the trial court's erroneous 3g offense finding, it would have sentenced him to a term of imprisonment of less than ten years, thereby keeping him eligible for probation.

**CONCLUSION**

We delete the 3g offense finding from trial court's judgment and affirm the judgment as modified.

Luz Elena D. Chapa, Justice

Do Not Publish