**AFFIRMED AS MODIFIED; Opinion Filed October 10, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01154-CR

**DANIEL ROY PENA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F17-59397-J**

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Schenck
Opinion by Justice Schenck

Daniel Roy Pena appeals from his conviction of driving while intoxicated. In a single issue, he argues the trial court abused its discretion by sentencing him to a term of imprisonment. By cross-issue, the State requests the judgment be modified to reflect appropriate costs and the correct DWI statute. We affirm the judgment as modified below. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On November 3, 2017, appellant consumed at least four beers, drove his car, and caused a collision that flipped his car over. Dallas police officer Michael Bui, who was called to the scene of the accident, took appellant to the hospital where his blood alcohol content was measured at 0.148. Soon thereafter, appellant was indicted for his third offense of driving while intoxicated. The indictment included two enhancement paragraphs stating that appellant had two prior

convictions for driving while intoxicated.  In August 2018, pursuant to a plea agreement, the State moved to strike the second enhancement paragraph and appellant entered an open plea of guilty to the charged offense and a plea of true to the first enhancement paragraph.  The trial court accepted appellant's pleas, scheduled sentencing for a later date, and ordered a pre-sentence report.

On September 12, 2018, the trial court held a sentencing hearing.  After hearing testimony from Officer Bui and appellant, the trial court sentenced appellant to ten years' imprisonment.

### APPEAL OF SENTENCE

In his sole issue on appeal, appellant argues the trial court abused its discretion by sentencing him to imprisonment, which he urges does not meet the objective of rehabilitation, fails to address his drug or alcohol addiction, and is merely punitive.

The State responds that appellant failed to preserve this issue for review, pointing out that appellant failed to object at any time during the sentencing hearing regarding the trial court's judgment, nor did he file any motion for new trial.

Appellant asserts that no specific objection was required because his ground for an appeal is apparent from the context of this record where the only issue before the trial court was of sentencing, appellant pleaded guilty and requested to be placed on probation in a treatment program for his drug and alcohol addiction, and the trial court sentenced him to a term of years. In support, he cites us to *Montgomery v. State*, 99 S.W.3d 257 (Tex. App.—Fort Worth 2003, pet. struck), *Edwards v. State*, 21 S.W.3d 625 (Tex. App.—Waco 2000, no pet.), and *Garza v. State*, 841 S.W.2d 19 (Tex. App.—Dallas 1992, no pet.).  This Court has previously considered whether a complaint for excessive punishment could be raised without a specific objection and deemed *Montgomery*, *Edwards*, and *Garza* to be unpersuasive because they did not involve a complaint that punishment was excessive and violated the objectives of the penal code.  *See Garza v. State*,

No. 05-11-01626-CR, 2013 WL 1683612, at *2 (Tex. App.—Dallas Apr. 18, 2013, no pet.) (citing *Montgomery*, 99 S.W.3d at 259–60; *Edwards*, 21 S.W.3d at 625; and *Garza*, 841 S.W.2d at 19).

Appellant also argues this record presents a fundamental error in punishment that can be raised for the first time on appeal, citing to cases from sister appellate courts where the appellate courts held a defendant may complain for the first time on appeal about a trial court's refusal to consider the full range of punishment where the judge's comments indicated impartiality. *See Hernandez v. State*, 268 S.W.3d 176, 184 (Tex. App.—Corpus Christi 2008, no pet.); *Jaenicke v. State*, 109 S.W.3d 793 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Since appellant does not argue the trial court was biased against him, we conclude those cases are distinguishable. *See Garza*, 2013 WL 1683612, at *2.

However, even had appellant preserved his complaint for appellate review, we would resolve it against him. The objectives of the system of prohibitions, penalties, and correctional measures in the penal code include:

(A) the deterrent influence of the penalties hereinafter provided;

(B) the rehabilitation of those convicted of violations of this code; and

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior.

TEX. PENAL CODE ANN. § 1.02(1). Further, a trial judge is given wide latitude to determine the appropriate sentence in a given case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015).

Appellant asserts he admitted to having a drug and alcohol problem and to requesting help for it in that he requested to be sent to an intermediate sanctions facility (ISF) for substance abuse. Appellant concedes he had been sentenced to ISF in the past, but he urges that treatment he received was for cognitive training, not alcohol or drug treatment.

The record reflects appellant had two prior convictions for driving while intoxicated, had been placed on probation for both, which were both revoked. He also had numerous assault convictions. Appellant testified he had been addicted to heroin since he was fifteen years old and in his efforts to stop using heroin, he began to drink more, despite his multiple convictions for driving while intoxicated. Furthermore, appellant admitted he committed the instant offense while on parole for another offense, one of the conditions of which was to refrain from using any alcohol. Although a third DWI is a third-degree felony, *see* PENAL § 49.09(b)(2), appellant also entered a plea of true to the first enhancement paragraph of the indictment, which enhanced his punishment range to that of a second-degree felony, *see id.* § 12.42(a). The statutory range for a second-degree felony is two to twenty years' imprisonment and a possible fine of not more than $10,000. *See id.* § 12.33.

In light of the statutory objective of punishment and the fact that his sentence of ten years lies squarely within the statutory range, we cannot conclude the trial court abused its discretion by sentencing appellant to ten years' imprisonment. We overrule appellant's sole issue.

## STATE'S CROSS-ISSUE

By cross-issue, the State urges the judgment be modified to correct the amount of costs and the statute cited. The judgment reflects court costs of $284. However, the certified court fee docket created after the trial court's judgment reflects costs totaling $409. Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). Additionally, the State complains that the judgment reflects appellant was found guilty of section 49.04 of the Texas Penal Code while the record reflects he entered a plea of guilty to section 49.09. *Compare* PENAL § 49.04 *with id.* § 49.09.

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. AP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1991). We sustain the State's cross-issues and modify the judgment to reflect court costs of $409 and that appellant was convicted of violation of section 49.09 of the penal code.

## CONCLUSION

As modified, we affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
181154F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL ROY PENA, Appellant

No. 05-18-01154-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F17-59397-J.
Opinion delivered by Justice Schenck.
Chief Justice Burns and Justice Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect court costs of $409 and that appellant was convicted of violation of
section 49.09 of the penal code.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of October, 2019.