Wade ROBINSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 014 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 7, 1983.

**780**

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Associate Justice.

Wade Robinson, Jr., appeals from a conviction of the primary offense of burglary of the habitation of Elvin Anderson, complainant. The indictment also alleged an enhancement paragraph:

"... that before the commission of the primary offense, ... the Defendant committed the felony of Burglary of a Building and was finally convicted of such felony on December 15, 1978, in Cause

No. 36455, in the Criminal District Court of Jefferson County, Texas ...."

The jury found the enhancement paragraph true and assessed punishment at confinement for sixty-six (66) years. Tex.Penal Code Ann. § 12.42 (Vernon 1974).

Appellant claims that the circumstantial evidence upon which the State relied was insufficient to support the conviction.

The burglary in question happened on January 19, 1982, at the residence of Anderson, 1017 Kansas Street, Port Arthur. Mrs. Ollie Lott, Anderson's landlord and next door neighbor, testified that at about 1:15 p.m. ("somewhere along there") she heard a crashing noise, found Anderson's back door open and then called to Anderson and received no response. She went into Anderson's house and recognized that a number of items were missing. Mrs. Lott called the police. She never saw appellant and admitted she did not know who broke in the premises.

Buster Barabin resides in a house which faces Grannis Street and is behind the houses of Mrs. Lott and Anderson, though offset slightly. At "approximately around two o'clock" on January 19, 1982, he saw two young men in the alley between his house and the shop next door carrying a stereo, radio, and other items, some covered. The men placed the items behind Barabin's house and covered them with a pinkish blanket. The two then walked out to Grannis Street and continued a short distance. He identified appellant as one of the men he saw carrying the loot. Barabin also called the police. When the policeman came he pointed out the two men he had just seen making the stash with the goods. The police arrested the men. Barabin said he watched the men from the time he first saw them making the stash until the time they were arrested because he was "confused with the stuff being behind my house."

Policeman Lynn Reynolds testified he was the officer dispatched to answer Barabin's call. Reynolds said Barabin told him he "needed to go catch those two guys

walking down the street, that they were the ones that put some property behind my house." He said there were no other people in the street at that time and nothing obstructed Barabin's view. Reynolds arrested appellant and the other man. He said both men's shoes and pants legs were muddy and wet, but there was no mud or dampness near where the men were standing when apprehended.

Policeman O.W. Withrow, Jr., was the officer dispatched to answer Mrs. Lott's call at 1017 Kansas. He saw a screen that had been taken off a window at Anderson's residence and a rear door kicked open. He noticed damp dirt and grass near the north side of Anderson's residence.

Anderson testified he went to work on the morning in question and gave no one, including appellant, permission to enter. He said several days before the burglary appellant had been to Anderson's house. Anderson related the occasion was a Saturday night and Anderson had been out, had met a girlfriend, and the two returned to Anderson's residence. Anderson said appellant appeared at the door and identified himself as the woman's brother. The woman also said appellant was her brother and so Anderson let appellant enter. Anderson said appellant sat down for awhile and Anderson believed appellant put something in Anderson's drink because thereafter Anderson said he became sleepy. Objections as to what happened thereafter that night were sustained. Anderson identified all of the items found behind Barabin's house (including the pinkish blanket) as Anderson's personal property.

In this case, we have viewed the record according to the "different standard of review in circumstantial evidence cases." *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr. App.1983). See also, *Sewell v. State,* 578 S.W.2d 131 (Tex.Cr.App.1979). We refer to such standard of review by reference only for the sake of brevity and because such standard has been firmly delineated in other cases.

Appellant contends that evidence of unexplained possession of stolen property,

the movement of same, and the presence near the scene of a burglary are insufficient to sustain a conviction. He also advances that no showing was made of a purpose or design in common with the companion to make an entry into the Anderson abode with intent to commit theft. We agree with appellant that, in certain fact situations, a case standing on only one of the referenced propositions may be reversible because of evidence insufficiency. We find distinguishable and different the facts in the following cases: *Wormley v. State,* 366 S.W.2d 565 (Tex.Cr.App.1963) and *Urtado v. State,* 605 S.W.2d 907 (Tex.Cr.App.1980).

■ While mere presence at the scene of an offense and flight therefrom are not enough to sustain a conviction, they are circumstances tending to prove guilt which, when combined with other facts, may suffice to show the accused was a participant. *Thomas v. State,* 645 S.W.2d 798 (Tex.Cr. App.1983). See also, *Miller v. State,* 566 S.W.2d 614 (Tex.Cr.App.1978). In the case at bar, though each of the circumstances standing alone is of unconvincing probative value, when considered together they are sufficient to sustain conviction. See *Coronado v. State,* 508 S.W.2d 373 (Tex.Cr.App. 1974).

■ Finally, witness Barabin testified he saw appellant and another in possession of the property taken in the burglary. It is settled that an inference or a presumption of appellant's guilt of a burglary sufficient to sustain a conviction may arise from appellant's possession of property stolen or taken in the burglary. In such an instance, to warrant such inference, the possession must be personal, recent, unexplained and must involve a distinct and conscious assertion of right to the property by appellant. *Rodriguez v. State,* 549 S.W.2d 747 (Tex.Cr. App.1977). Also, the requirement of possession may be satisfied even though joint. *Sanders v. State,* 155 Tex.Cr.R. 90, 231 S.W.2d 413 (1950). We find all of these requirements have been met.

■ Appellant asserts that a hypothesis not negated by the State is that appel-

lant was innocently assisting a companion who had actually committed the burglary in moving the property. In a circumstantial evidence case the state need not present evidence excluding every conceivable hypothesis except that of defendant's guilt, it need only present evidence excluding every reasonable hypothesis. Each fact need not point directly and independently at the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Hooker v. State,* 621 S.W.2d 597, 601 (Tex.Cr. App.1981). Considering the setting, timing, and the events themselves, we do not think the hypothesis advanced by appellant was a reasonable one. Further, we think the testimony of the wet and muddy pants legs and shoes of *both* appellant and his companion negates the hypothesis now advanced by appellant. Here, the cumulative effect of all incriminating facts are sufficient to support conviction.

■ Appellant next assigns five grounds of error to one occurrence in the case.

The occurrence began when the State apparently decided not to proceed with the second paragraph of the indictment which was an enhancement paragraph.

The second paragraph alleged that appellant had been convicted on October 27, 1972, of felony burglary. There is no formal record of the State's election not to proceed with this allegation.

Originally, the indictment contained the one primary offense followed by two enhancement paragraphs (the second and third paragraphs of the indictment) averring two prior felony convictions.

At punishment stage, proof was proffered of prior felony convictions, but paragraph two of the indictment was apparently abandoned and the court's charge advanced the allegation in indictment paragraph three (as noted in the first paragraph of this opinion).

Also at punishment stage, the enhancement allegations or part of such allegations were read to appellant, but the record simply indicates something was read and does not state whether the deleted portion was included in the reading. In any event, appellant made no objection to any aspect of the indictment reading and pleaded "not true" to whatever was read.

The State then offered proof of two prior convictions as State's exhibits ten and eleven. State's exhibit ten went to proof of the allegation in the third indictment paragraph of the indictment, while the conviction noted in exhibit eleven was not asserted anywhere in the indictment.

Let us contemplate for a moment State's exhibits ten and eleven.

State's exhibit ten definitely concerned Cause No. 36455, styled The State of Texas v. Wade Robinson, Jr., and contained a final judgment for the felony offense of burglary of a building, dated December 15, 1978, and was relevant to the original paragraph three of the indictment inasmuch as the offense, date of judgment, cause number, and court are harmonious between the indictment and the exhibit.

State's exhibit eleven, however, is a different story. It is simply not relevant to anything set out in the indictment. State's exhibit eleven is the record of a proceeding in the 175th Judicial District Court of Bexar County, Texas, styled The State of Texas v. *Patrick* Robinson (not Wade), and is dated January 27, 1972. Although the photographs in State's exhibit ten and State's exhibit eleven could possibly be of the same person taken years apart, and although the fingerprint reproductions purport to be the fingerprint records of Wade Robinson, Jr., from the Texas Department of Corrections, Huntsville, all other documents in State's exhibit eleven identify the defendant as one *Patrick* Robinson, not Wade.

We find ourselves in a position similar to that of the Court of Criminal Appeals in *Knight v. State,* 581 S.W.2d 692, 694 (Tex. Cr.App.1979), that is, "for a reason unknown to us" the State offered into evidence State's exhibit eleven described above and also "for a reason unknown to us" the Record Clerk of the State Department of Corrections sent such a record or exhibit

which was apparently a mixed and confused record only partially concerning Wade Robinson, Jr., and, in a more substantial manner, concerned the record of one *Patrick* Robinson and certain proceedings concerning him (*Patrick*, that is) in the 175th Judicial District Court of Bexar County. In any event, State's exhibit eleven has nothing to do with any paragraph in the indictment. Appellant did not complain in the trial court about State's exhibit eleven and has brought forward nothing concerning it on appeal. There is also no suggestion that the jury was any way inflamed by the exhibit. Although we see no harmful error, the admission of this exhibit is certainly shocking without proof that Patrick and Wade Robinson are the same person. Indeed, we can easily imagine situations where such error would be harmful.

At punishment stage, no proof was given of the allegation in the second paragraph of the indictment (the one the prosecution had apparently elected to abandon or waive.)

The charge of the court, in the punishment phase, was:

"You have found the defendant guilty of the offense of Burglary of a Habitation as alleged in paragraph one of the indictment.

"Paragraph two of the indictment further alleges that the defendant was previously convicted on or about December 15, 1978 in cause no. 36455 for the felony offense of Burglary of a Building, in the Criminal District Court, Jefferson County, Texas, and that this conviction had become final prior to the commission of the offense of which you have found him guilty.

"To this allegation in paragraph two the defendant has entered a plea of UNTRUE.

"It now becomes your duty to determine if this allegation is 'true' or 'untrue' and to set the punishment in accordance with the law.

"If you believe from the evidence beyond a reasonable doubt that the allegations in paragraph two are 'true' you should so state in your verdict and assess punishment for the commission of a [sic] enhanced first degree felony.

"If you do not so believe or if you have a reasonable doubt thereof, you should find the allegations in paragraph two 'untrue' and so state in your verdict, and assess punishment for the commission of a first degree felony."

To which the jury answered:

"WE, THE JURY, find that the allegation in count two of this indictment is *TRUE*, and assess the defendant's punishment at confinement in the Texas Department of Corrections for a term of *66* years."

The reader will notice that the charge refers variously to "paragraph two" and "count two" of the indictment, which the State had apparently abandoned or waived.

Appellant contends that since no evidence was offered as to the conviction in the second paragraph of the indictment, there was no evidence for the jury to find "true" the "allegation in count two of this indictment."

We overruled appellant's contentions as we cannot see that appellant was in any way harmed by the prosecutor's apparently failing to make announcement of waiver or abandonment of the original paragraph two or by the court's charge misnaming paragraph three of the indictment as paragraph two. We note that the appellant did not object to any of the above proceedings and at no time claimed surprise, asked for a continuance, or at any time seemed perplexed as to what had transpired. Further, considering that the State abandoned paragraph two of the indictment, it could easily be said that paragraph three thereof then became paragraph two. In the charge to the jury the trial court spelled out that "Paragraph two" of the indictment alleged that appellant was convicted on or about December 15, 1978, in Cause No. 36455 for the felony offense of Burglary of a Building. The court then continued that appellant had entered a plea of untrue to "*this* allegation." We agree with the State that once the trial judge spelled out in his charge that paragraph two of the indict-

ment had reference to an offense committed on December 15, 1978, for Burglary of a Building, no confusion could then exist as to which enhancement allegation was involved.

We also overrule appellant's contentions that the conviction is void because it is based on erroneously applied law and it was not assessed in accordance with *Tex.Penal Code Ann. § 12.42* (Vernon 1974).

Appellant finally complains that he was convicted of the offense of "Habitual Felony Offender" when such is not an offense. The judgment, in relevant parts, recites:

"The Defendant having been indicted ... for the felony offense of Burglary of a Habitation and a Habitual Felony Offender

\* \* \* \* \* \*

"IT IS THEREFORE CONSIDERED, ORDERED and DECREED by the Court that the Defendant is guilty of the offense of Burglary of a Habitation and a Habitual Felony Offender, a felony, as found by the jury

\* \* \* \* \* \*

"WADE ROBINSON, JR. who has been adjudged to be guilty of the offense of Burglary of a Habitation and a Habitual Felony Offender, a felony, ... shall be confined ... for a term of sixty-six (66) years ...."

We agree with appellant that there is no separate offense known as "Habitual Felony Offender." *Ex parte LeMay,* 525 S.W.2d 1 (Tex.Cr.App.1975). *TEX.PENAL CODE ANN. § 12.42* (Vernon 1974) does not create an offense, inflict additional punishment for prior offense, or authorize conviction on habitual criminal charge but merely prescribes a more severe punishment based on persistence in crime. *Porier v. State,* 591 S.W.2d 482, 484 (Tex.Cr.App. 1979). The judgment is patently erroneous and is at variance with the pleading and proof, but not such as would require reversal of conviction.

An appellate court may reform the sentence and judgment where, as here, it has the data and evidence to do so. *Harris v. State,* 630 S.W.2d 774, 776 (Tex.App. —Houston [1st Dist.] 1982, no writ). An obvious error has been made and so the above quoted portions of the judgment are reformed so as to strike "Habitual Felony Offender" as offense averments and to correctly show that such averments are merely enhancement declarations.

Along these lines, there is a further recitation in the judgment as follows: "Return the following verdict, which was received by the court, and is here not entered into the minutes of the court." Very obviously this is a plain typographical error and the word "now" should be substituted for the word "not." And once again, from the final judgment, "We the jury, find that the allegation to Count To of this indictment is true." This very obvious clerical error should be changed from "to" to "two."

AFFIRMED AS REFORMED.