Ezra TATMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–050–CR.

Court of Appeals of Texas,
Beaumont.

Feb. 15, 1989.

James A. DeLee, Port Arthur, for appellant.

John R. DeWitt, Tom Maness, Beaumont, for appellee.

OPINION

DIES, Chief Justice.

On December 2, 1987, a judgment nunc pro tunc was entered by the trial court in Cause No. 34,363 in the Criminal District Court of Jefferson County, Texas. Such judgment was entered without hearing or notice to Defendant/Appellant, who brings to us this appeal on one point of error, viz, "The trial court erred in entering a judgment nunc pro tunc without hearing or notice to Appellant."

The changes made were these: The original judgment incorrectly recited the date upon which Appellant's deferred adjudication probation was granted as August 28, 1983. The true date, as shown on the docket sheet, was August 28, 1978. The original judgment incorrectly recited the date of commission of the offense as December 23, 1983. The docket sheet and the recitation in the indictment show that the offense was actually committed in 1976.

While we believe it would have been the better practice to have given notice to Appellant before the entry of the nunc pro tunc judgment, to remand this case because of failure to give notice of these purely clerical errors would avail Appellant nothing. *See Homan v. Hughes*, 708 S.W.2d 449 (Tex.Crim.App.1986).

As this court wrote in *Robinson v. State*, 658 S.W.2d 779, 784 (Tex.App.—Beaumont 1983, no pet.):

"An appellate court may reform the sentence and judgment where, as here, it has the data and evidence to do so."

We reform this judgment in the same manner as did the trial court.

AFFIRMED.