**Adan Cavazos GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–01170–CR.**

Court of Appeals of Texas, Dallas.

Aug. 25, 1992.

R.D. Rucker, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

Before THOMAS, CHAPMAN and WIGGINS, JJ.

## OPINION

WIGGINS, Justice.

Adan Cavazos Garza appeals his conviction for the offense of burglary of a building. The trial court found him guilty and assessed punishment at ten years' confinement, probated for ten years. On appeal, Mr. Garza contends (1) the evidence is insufficient to support .his conviction and (2) the trial court abused its discretion in ordering $1250 in restitution as a condition of probation. We sustain Mr. Garza's second point of error, reverse the trial court's judgment, and remand the cause for a new trial on punishment.

## BACKGROUND

On September 30, 1988, Frank Reyna observed Mr. Garza on the premises of the B & B Sign Company. Mr. Reyna testified that he saw Mr. Garza exiting the rear of the building carrying an aluminum stepladder. He stated that he did not see Mr. Garza in the building, but noticed him in the fenced area at the rear of the building. Mr. Reyna said, "But [sic] the back of the building there's a little door at the back, exit door at the back of the building where he had just—the only place he could have came [sic] from with that ladder being that long." Mr. Reyna saw Mr. Garza carrying one ladder through a hole in the fence towards another ladder that was on the grass approximately fifty yards away. When Mr. Garza saw Mr. Reyna watching him, Mr. Garza put the ladder down and pretended to walk away. Mr. Reyna left the scene and called the police.

Officer Victor Woodberry testified that Mr. Reyna flagged him down and said he had seen some people carrying some "stuff" that he thought did not belong to them. Officer Woodberry stated that he knew people were selling aluminum in the area and that the police had received complaints. Officer Woodberry observed Mr. Garza and another man, Jessie Connor, car- .rying a ladder. He approached the men and asked them if they owned the ladder. The men told him they had found it in the

grass. He saw another ladder that had been beaten up and dismantled.

The owner of B & B Sign Company, Jeffrey Wells, testified that, on the following Monday, he discovered the building had been burglarized. He noticed that two ladders, an extension ladder and an aluminum stepladder, had been stolen. He testified that the ladders were kept inside the building and had been taken from inside the building. He noticed damage to the rear of the building where someone had disassembled the sheet metal and broken a window. He also testified that someone had cut a hole, large enough for a man to crawl through, in the fence and had broken the tree branches in order to crawl through the window. He stated that he had seen Mr. Garza in the vicinity prior to this occurrence. Mr. Wells stated that his total loss for the ladders and the cost of repairs was $1240 and that he had recovered the stepladder.

Mr. Garza testified that he was operating a business, buying aluminum cans and copper, on September 30. He said that Mr. Connor brought him the ladders, already dismantled, that day. He denied entering the B & B building. He stated that he did not know the ladders were stolen and did not know where they came from. He also testified that he had already placed the dismantled ladder on the scale when the police arrived.

Police Officer Bill Sanders testified that the probable-cause affidavit stated that Mr. Reyna observed Mr. Connor carrying the ladder by himself. On the other hand, he also stated that Mr. Reyna pointed to Mr. Garza and told the officers that Mr. Garza was the man carrying the ladder.

## SUFFICIENCY OF THE EVIDENCE

■ In his first point of error, Mr. Garza contends that the evidence is insufficient to sustain the conviction because it fails to prove he entered the building. The standard of review for challenges to suffi-ciency claims is whether, after viewing the evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim. App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). This is true in both circumstantial and direct evidence cases. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex.Crim.App.1988).[1] In applying this standard, if we find there is a reasonable hypothesis other than the guilt of the accused, then we cannot say that the guilt has been shown beyond a reasonable doubt. *Turner*, 805 S.W.2d at 427. Proof that amounts only to a strong suspicion or mere probability is insufficient. *McCarron v. State*, 605 S.W.2d 589, 593 (Tex.Crim.App. [Panel Op.] 1980). However, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Id.* If the combined and cumulative force of all the incriminating circumstances warrant a conclusion of guilt, the evidence is sufficient. *Brandley v. State*, 691 S.W.2d 699, 703 (Tex.Crim.App.1985).

■ The judge, as trier of fact, is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness's testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.1984). The appellate court does not resolve any conflict of fact, weigh the evidence, or evaluate the credibility of the witnesses. *See, e.g., Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

■ The elements of proof for burglary of a building with the intent to commit theft are that (1) a person, (2) without effective consent, (3) enters a building not then open to the public, (4) with the intent to commit a felony or theft. TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989); *Johnson v. State*, 665 S.W.2d 554, 556 (Tex.

---

1. We are aware of the Court of Criminal Appeals's opinion in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991), regarding the standard of review in circumstantial evidence cases. However, the opinion specifically states the new rules will be applied only to cases tried after November 6, 1991. *Id.* at 165. This case was tried July 19, 1990.

App.—Houston [1st Dist.] 1984, no pet.). A burglarious entry may be shown by circumstantial evidence. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex.Crim.App. [Panel Op.] 1978).

■ With regard to Mr. Garza's contention that the evidence is insufficient to prove that he "entered" the building, we note the following evidence was offered at trial. Mr. Wells, the owner of the burglarized building, testified that the ladders were taken from inside the building. He also testified that there was evidence of damage and forced entry into the building. Mr. Reyna saw Mr. Garza exiting the building with the stolen ladder. The police officers saw Mr. Garza and Mr. Connor in possession of the stolen property. Thus, there was evidence that a building had been burglarized and that Mr. Garza was in possession of the stolen items.

■ Where there is independent evidence of a burglary, the unexplained possession of recently stolen goods may constitute sufficient evidence of guilt. *Buchanan v. State*, 780 S.W.2d 467, 469 (Tex. App.—Dallas 1989, pet. ref'd). In this case, there was evidence that the building had been burglarized and that Mr. Garza was in possession of property taken from the building. Accordingly, we find the aforementioned evidence sufficient to support Mr. Garza's conviction.

Mr. Garza relies on *Brown v. State*, 804 S.W.2d 566 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd), in which the court reversed a burglary conviction on the ground there was insufficient evidence that the allegedly stolen property had been taken from an enclosed structure. We find *Brown* distinguishable. In the instant case, there was no evidence the ladders were kept outside an enclosed structure. Rather, Mr. Wells testified the ladders were kept inside the building. There was evidence of forced entry into the building, and Mr. Garza was positively identified as exiting the burglarized building. The evidence was, therefore, sufficient to show that Mr. Garza entered an enclosed structure and was guilty of burglary.

Even if there were no evidence of a burglary, Mr. Garza's possession of stolen property, whether individual or joint, could warrant an inference of guilt, if the possession was personal, recent, unexplained, and involved a distinct and conscious assertion of right to the property. *Robinson v. State*, 658 S.W.2d 779, 781 (Tex.App.—Beaumont 1983, no pet.). When the accused, upon an initial challenge, offers a reasonable explanation for his possession of stolen property, the necessity of showing the explanation is false is greater than if the explanation is offered at a later time. *Callahan v. State*, 502 S.W.2d 3, 6 (Tex. Crim.App.1973). Whether the explanation is reasonable, however, is still a question of fact, and the factfinder is not bound to accept a defendant's explanation. *Buchanan*, 780 S.W.2d at 470.

In the instant case, Mr. Garza's explanation was challenged with contradictory evidence. Mr. Garza claimed that he was working in the area at an aluminum purchasing business, that Mr. Connor brought him the ladder, and that the ladder was already broken down and put on the scales when the police arrived. The police officer, however, testified that he saw Mr. Garza and Mr. Connor carrying the ladder. Mr. Reyna also testified that he saw Mr. Garza exiting the building with the ladder and that Mr. Garza put the ladder down and pretended to leave when he saw Mr. Reyna watching him. The judge, as trier of fact, had sufficient evidence to conclude that Mr. Garza's explanation for possession of the stolen property was false. Accordingly, we find the evidence was sufficient to support the burglary conviction even without the evidence he entered an enclosed structure, and we overrule Mr. Garza's first point of error.

## RESTITUTION

In his second point of error, Mr. Garza contends that the trial court abused its discretion in ordering $1250 in restitution as a condition of probation. Specifically, he argues that the amount was improper because the owner testified his total loss was $1240, including the stolen ladders, and the value of the recovered ladder

should be excluded from the amount of restitution.

■ The State contends that because Mr. Garza failed to object to the amount of restitution recommended by the prosecutor, he has waived any error. The State relies on *Thompson v. State*, 691 S.W.2d 627, 635 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985), to support its contention. That case dealt with the failure to object to the admission of evidence. In the instant case, the prosecutor's statement *regarding his recommen-dation* of the amount of restitution was not evidence. The State cites no cases, and we are aware of none, standing for the proposition that a defendant must object to the amount of restitution during trial in order to preserve error. This point is analogous to a sufficiency of the evidence point, which can be raised. We, therefore, find that Mr. Garza has preserved this point for review.

■ A trial court's order of restitution as a condition of probation will not be over-turned on appeal absent an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App.1980). The restitution ordered, however, must be "just" and must be supported by sufficient factual evidence. *Id.* Thus, we review the record to determine evidence of an amount that would tend to "make good" the injured party. *Davis v. State*, 757 S.W.2d 386, 389 (Tex. App.—Dallas 1988, no pet.).

■ The owner of the building testified that his total loss was $1240, which includ-ed the stolen ladders and the damage to the building. He later stated that he had re-covered the stepladder and that it was sal-vageable. The amount, therefore, that would "make good" the injured party is the total loss, $1240, minus the salvage value of the recovered ladder. The appropriate amount of restitution was, therefore, less than $1240. The trial court, therefore, abused its discretion in ordering $1250 in restitution. Accordingly, we sustain Mr. Garza's second point of error.

If the proper amount of restitution can be determined from the record, then the proper remedy is to modify the amount ordered by the trial court. *See Hefner v. State*, 735 S.W.2d 608, 614 (Tex.App.—Dal-las 1987, pet. ref'd). The record does not show the salvage value of the recovered ladder. We cannot, therefore, modify the amount of restitution.

■ The State contends that, if the amount of restitution cannot be determined from the record, the proper procedure would be for this Court to remand the cause to the trial court for a proper deter-mination of the amount of restitution. *Cartwright*, 605 S.W.2d at 289. *Cart-wright*, however, was decided before the new rules of appellate procedure and arti-cle 44.29(b) of the Texas Code of Criminal Procedure were enacted. TEX.R.APP.P. 80(b); TEX.CODE CRIM.PROC. ANN. art. 44.-29(b) (Vernon Supp.1992). In light of ap-pellate rule 80(b) and article 44.29(b), the proper remedy is to set aside the punish-ment and to remand the cause to the trial court for a new hearing or trial on the issue of punishment to be assessed by the court. *See Bullard v. State*, 533 S.W.2d 812, 816 (Tex.Crim.App.1976).

We set aside the punishment and remand the cause to the trial court for a new hearing on the issue of punishment.

THOMAS, J., concurs and dissents.

THOMAS, Justice, concurring and dissenting.

I concur in the majority's conclusion that the evidence is sufficient to support Garza's conviction; albeit for different rea-sons. I disagree with the majority's deci-sion to reverse the trial court's judgment and to remand the cause for further pro-ceedings.

In the first point of error, the majority opinion states that, where there is indepen-dent evidence of a burglary, the *unex-plained* possession of recently stolen goods may constitute sufficient evidence of guilt. *Buchanan v. State*, 780 S.W.2d 467, 469 (Tex.App.—Dallas 1989, pet. ref'd). The majority also states that, even if there were no evidence of a burglary, Garza's possession of stolen property could war-

**24**

rant an inference of guilt if the possession was personal, recent, *unexplained,* and involved a distinct and conscious assertion of right to the property. *Robinson v. State,* 658 S.W.2d 779, 781 (Tex.App.—Beaumont 1983, no pet.) Here, a police officer stopped Garza and Connor while they were carrying one of the ladders, and the men explained that they had found the ladder in the grass. Thus, Garza's possession of the ladder was not unexplained.

Garza contests the element of "entering" the building in his conviction for burglary of a building. I would affirm the conviction because there is evidence that Garza entered the building. Viewing the evidence in the light most favorable to the verdict, the witness Reyna saw Garza exiting the building and carrying a long ladder. Reyna stated that he saw Garza "leaving, coming out of the building" and that Garza exited from the rear of the building. Although Reyna testified alternately that Garza was coming out of the building and that Garza already had exited the building when he saw him, the trier of fact is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness's testimony. *Williams v. State,* 692 S.W.2d 671, 676 (Tex.Crim.App.1984). Thus, I concur in the result of the first point of error.

I disagree with the majority's disposition of the second point of error. The majority sets aside the punishment—ten years' confinement, probated for ten years, and $1250 in restitution—and remands the cause to the trial court. The majority contends that it cannot determine the proper amount of restitution from the record and, thus, that it cannot modify the amount of restitution.

I believe the proper amount of restitution, $1240, can be determined from the record. The building's owner, Jeffrey Lynn Wells, testified that his "total loss" was $1240. This amount "would cover the ladders stolen" and the repair to the building. Wells recovered the stepladder. It was about to be disassembled, but it was salvageable. The majority states that the amount of restitution should be $1240 minus the cost of the recovered stepladder.

The evidence supports the determination that the building owner's total loss was $1240. Although the amount includes the "stolen ladders," it does not necessarily follow—simply because one ladder was later recovered and it was salvageable—that the owner did not suffer a loss in the value of that ladder. The trial court could have inferred that the $1240 "total loss" included the loss of one ladder and the loss in value of the other ladder. Thus, I would modify the amount of restitution from $1250, for which there is not support in the record, to $1240. Accordingly, I would affirm the trial court's judgment.