**MODIFY and AFFIRM; and Opinion Filed May 29, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**Nos. 05-11-01542-CR,**
**05-11-01568-CR, 05-11-01569-CR,**
**05-11-01567-CR**

**DARIUS JAMAL RUSTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-16642-T, F10-16643-T, F10-16644-T, and F10-45648-T**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Murphy

Darius Jamal Rustin pleaded guilty to four counts of aggravated robbery, and the trial court assessed a twenty-five-year prison sentence in each case. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). In three points of error, Rustin contends the trial court improperly overruled his "objection to testimony which speculated about [his] state of mind," his punishment violated the objectives of the penal code, and the judgments in all four counts should be modified to reflect the section of the penal code he violated. We reform the judgments as requested and affirm as modified.

## BACKGROUND

Rustin's four counts of aggravated robbery stem from two separate incidents. In the first incident, Rustin and his three friends robbed Mariscos 2000, a Mexican restaurant. On the

evening of the robbery, Roddie Rodriguez was working as a waitress. At approximately 7:30 p.m., Rodriguez noticed four individuals enter the restaurant wearing masks and costumes. It was close to Halloween, so Rodriguez thought they wanted candy. Only two customers were in the restaurant at the time, and Rodriguez was sitting at a table. The tallest of the four came over to Rodriguez, hit her on the head with a gun, and demanded money. Although Rodriguez could not identify that man as Rustin because of the masks, a detective that investigated the incident identified Rustin as the tallest of the four suspects.

Rodriguez opened the cash register and gave the robber everything in the drawer, but he demanded more money. He then told Rodriguez to open the office door, and he grabbed her by the blouse and threw her against the wall. Rodriguez thought the robber intended to take her into the office and rape her. She begged him to leave her alone and not to harm her. He stopped when instructed to do so by one of his friends.

At some point during the robbery, one of the customers tried to call the police, but one of the robbers took her cell phone. He then took both customers' purses and cell phones, hit them, knocked them to the floor, and forced them to stay on the floor until the four had left.

Rustin was arrested for the robbery a few hours later.

The second incident occurred approximately six months later, while Rustin was out of jail on a personal recognizance bond. Diego Cruz and Jose Maldonado were "hanging out" with four other friends in the parking lot of an apartment complex when Rustin and two other individuals approached with guns and told them to "give them everything." Rustin grabbed Maldonado and put a gun to his head. He asked for Maldonado's wallet, cell phone, and money, which Maldonado turned over. Maldonado and Cruz's friends ran, and Cruz began walking to his sister's apartment. Rustin approached Cruz and told him to take out his wallet. Cruz refused,

telling him, "No, I'm not going to give you anything. Kill me then." Cruz walked away, but Rustin hit him with a gun. Cruz managed to escape into his sister's apartment.

When Maldonado saw Rustin hit Cruz with the gun, he grabbed Rustin, pulled him to the ground, and struggled with him. During the struggle, Rustin fired two shots about three inches from Maldonado's head. Maldonado was not hit by the gunfire, but his finger was broken in the fight. Rustin yelled for his friends to help him; they fired their guns but were already some distance away. Maldonado managed to get away and ran to his aunt's apartment. Rustin and his two friends also ran, but security guards and police apprehended them.

Rustin was indicted on four counts of aggravated robbery—three related to the robbery of Mariscos 2000 and one related to the incident at the apartment complex. He pleaded guilty, and the trial court sentenced him to twenty-five years' confinement in each case.

## DISCUSSION

### *Point of Error One: Objection to Testimony*

Rustin argues in his first point of error that the trial court improperly overruled his objection to portions of Rodriguez's testimony. Rodriguez testified that during the robbery of Mariscos 2000, one of the suspects grabbed her by her blouse and "hit" her against the wall. The following exchange occurred:

> Q Okay. And when this guy was grabbing your clothing, what did you think that he was trying to do?
>
> A I thought his intentions were to take me into the office because he tore my – my hose were torn.
>
> Q Okay. Your hose that – You had hose on your legs?
>
> A Yes.
>
> Q Okay. And what did you think that his intention was if he got you back in that room?

[DEFENSE COUNSEL]: Judge, I'm going to object. That calls for speculation.

THE COURT: Overruled.

A His intentions were to rape me because he opened up my blouse, he raised my mini-skirt, and he tore my pantyhose.

In Spanish I begged him to leave me alone, to not harm me, and a friend of his told him to stop, to not do anything to me.

Rustin complains on appeal that Rodriguez could have no personal knowledge of his actual intentions; her testimony was thus speculative. Rustin did not object to the first question of "what did you think that he was trying to do?" or the answer. After another question and answer, Rustin objected to the question asking what Rodriguez thought Rustin's intentions were if he got her "back in that room," which the trial court overruled. There were no further objections—he did not complain about or move to strike Rodriguez's answer that "[Rustin's] intentions were to rape me . . . ." Thus, to the extent Rodriguez testified to Rustin's "actual" intentions, as opposed to what she thought his intentions were, objection to the testimony is waived. *See* TEX. R. APP. P. 33.1(a)(1); TEX. R. EVID. 103(a)(1).

Regarding Rustin's objection to the question of what Rodriguez thought Rustin intended to do, the question did not call for speculation about her thoughts. Stated differently, she was not speculating about her own thoughts. Rustin also admits Rodriguez had personal knowledge about the events that caused her to think she was going to be raped. Rodriguez's thoughts were relevant during the punishment phase of the trial as evidence of psychological damage to a victim that Rustin could have anticipated and that have a bearing on Rustin's personal responsibility and moral guilt. *See Stavinoha v. State*, 808 S.W.2d 76, 79 (Tex. Crim. App. 1991) (testimony regarding psychological trauma caused by aggravated sexual assault admissible during punishment phase of trial); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07(3)(a)(1) (West Supp. 2012) (noting the State and the defendant may offer evidence "as to any matter the

–4–

court deems relevant to sentencing, including . . . the circumstances of the offense for which [the defendant] is being tried"); *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009) (noting evidence is relevant if it helps fact finder decide appropriate sentence given facts of case); *Kos v. State*, 15 S.W.3d 633, 641 (Tex. App.—Dallas 2000, pet. ref'd) (noting accused's "personal responsibility" and "moral culpability" for the crime charged is relevant to sentencing). We conclude the trial court did not abuse its discretion in overruling Rustin's objection to the State's question. Rustin's first point of error is overruled.

### *Point of Error Two: Terms of the Sentence*

Rustin asserts in his second point of error that his sentences violate the objectives of the system of prohibitions, penalties, and correctional measures in the penal code. The trial court sentenced Rustin to twenty-five years' confinement for each charge of aggravated robbery. He concedes his sentences are within the statutorily authorized range for these crimes but argues he was a good candidate for probation; he states that, with proper help, he would have been successful on probation. *See* TEX. PENAL CODE ANN. § 1.02(1)(B) (stating objectives of penal code). He contends his sentences do not meet the objective of rehabilitating him, do not recognize the difference in rehabilitative possibilities among offenders, are punitive, and an abuse of the trial court's discretion. The State responds that Rustin failed to preserve this complaint for appellate review; alternatively, the trial court neither abused its discretion nor violated the objectives of the penal code.

Rustin did not complain about his sentences at the time of pronouncement. He relies on his motions for new trial, in which he asserted the verdicts were contrary to the law and to the evidence. He asserts that because of his guilty pleas, the only issue for the trial court was the appropriate punishment and his motions were adequate to preserve his complaint.

Rustin was required to make a timely request, objection, or motion to preserve his complaint for appeal. *See* TEX. R. APP. P. 33.1(a)(1). A motion for new trial in which the movant complains a verdict is contrary to both the law and the evidence does not preserve a complaint the trial court abused its discretion by sentencing a defendant in violation of the objectives of the penal code. *See Rivas v. State*, No. 05-11-00390-CR, 2012 WL 677515, at *1 (Tex. App.—Dallas Mar. 2, 2012, no pet.) (mem. op., not designated for publication). Accordingly, we reject Rustin's reliance on his motions for new trial to meet his preservation requirements. *See* TEX. R. APP. P. 33.1.

Rustin makes three additional arguments regarding preservation. First, he states a specific objection is not required when the basis of the objection is apparent from the context. *See id.* (objection required unless the specific ground apparent from the context). Rustin cites *Montgomery v. State*, 99 S.W.3d 257 (Tex. App.—Fort Worth 2003, pet. struck); *Edwards v. State*, 21 S.W.3d 625 (Tex. App.—Waco 2000, no pet.); and *Garza v. State*, 841 S.W.2d 19 (Tex. App.—Dallas 1992, no pet.). The cases do not support Rustin's proposition. *See Garza v. State*, No. 05-11-01626-CR, 2013 WL 1683612, at *2 (Tex. App.—Dallas Apr. 18, 2013, no. pet. h.) (mem. op., not designated for publication) ("[*Montgomery*, *Edwards*, and *Garza*] do not explain how a complaint that punishment was excessive, especially punishment within the statutory range for the offense, would be apparent from the context of the case and not require an objection at trial.").

Rustin next asserts that "fundamental error in punishment" can be raised for the first time on appeal, citing *Hernandez v. State*, 268 S.W.3d 176 (Tex. App.—Corpus Christi 2008, no pet.), and *Jaenicke v. State*, 109 S.W.3d 793 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). But those cases involved allegations of trial court bias. Rustin does not suggest the trial court was

biased against him.  *Hernandez* and *Jaenicke* are thus distinguishable.  *See Garza*, 2013 WL 1683612, at \*2.

Finally, Rustin states that a specific objection would have served no useful purpose in this case.  Yet, "[t]he purpose of requiring [an] objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection."  *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (quoting *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000)).  By raising the issue at trial, Rustin's objection would have provided the trial court with the opportunity to correct any error when it was in the position to do so.  We conclude Rustin has failed to preserve his second point of error.

*Point of Error Three: Modification of Judgment*

In his final point of error, Rustin contends, and the State agrees, the judgments in all four cases should be modified to reflect the correct section of the penal code he violated.  Specifically, the record shows Rustin was charged with and convicted of aggravated robbery, which is proscribed in section 29.03 of the penal code.  *See* TEX. PENAL CODE ANN. § 29.03 (aggravated robbery).  The judgments, however, reflect that he violated section 29.02 of the penal code.  *See id*. § 29.02. (robbery).

This Court has the power to correct and reform the judgment of the trial court for accuracy when the necessary data and information are part of the record.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b) (court of appeals may modify trial court's judgment and affirm as modified); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (appeal court's authority to reform judgment not limited to clerical errors).

The indictments in all four cases charged Rustin with aggravated robbery, and he pleaded guilty to those offenses.  The trial court's judgments incorrectly list the statute for the offenses as

section 29.02. We reform the judgments in all four cases to reflect Rustin was convicted under penal code section 29.03 and affirm the judgments as modified.

/Mary Murphy/
_____
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111542F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARIUS JAMAL RUSTIN, Appellant

No. 05-11-01542-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-16642-T.
Opinion delivered by Justice Murphy.
Justices Lang-Miers and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Statute for Offense" to show "29.03 Penal Code."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of May, 2013.

/Mary Murphy/
MARY MURPHY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARIUS JAMAL RUSTIN, Appellant

No. 05-11-01567-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-45648-T.
Opinion delivered by Justice Murphy.
Justices Lang-Miers and Fillmore participating.


Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Statute for Offense" to show "29.03 Penal Code."

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered this 29th day of May, 2013.


/Mary Murphy/
MARY MURPHY
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DARIUS JAMAL RUSTIN, Appellant

No. 05-11-01568-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F10-16643-T.

Opinion delivered by Justice Murphy.

Justices Lang-Miers and Fillmore participating.


Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Statute for Offense" to show "29.03 Penal Code."

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered this 29th day of May, 2013.


/Mary Murphy/

MARY MURPHY
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DARIUS JAMAL RUSTIN, Appellant

No. 05-11-01569-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-16644-T.
Opinion delivered by Justice Murphy.
Justices Lang-Miers and Fillmore
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the "Statute for Offense" to show "29.03 Penal Code."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of May, 2013.

/Mary Murphy/
MARY MURPHY
JUSTICE

–12–